[L. A. No. 198.    Department One.—March 31, 1897.]

KAREN A. DANIELSON, APPELLANT, v. GEORGE P. YOAKUM, RESPONDENT.

FRAUD—RESCISSION OF PURCHASE OF BANK STOCK—STOCKHOLDER'S LIABILITY—VOLUNTARY PAYMENT—INSUFFICIENT COMPLAINT.—A complaint showing that a purchase by plaintiff of bank stock from the defendant had been rescinded for fraudulent representations inducing the purchase, and alleging that plaintiff was sued as a stockholder by attachment upon large claims for indebtedness which existed at the time of the transfer of the stock by defendant to plaintiff, and that plaintiff had a proportionate share of said claims on account of said stock, for which sum damages were claimed, states no cause of action for damages, but merely shows a voluntary payment by plaintiff of a liability which pertained alone to the defendant, and from which defendant was not released by the transfer.

APPEAL from a judgment of the Superior Court of Los Angeles County. WALTER VAN DYKE, Judge.

The facts are stated in the opinion.

*Henry Bleecker,* and *Cochran & Williams,* for Appellant.

*Allen & Flint,* for Respondent.

HAYNES, C.—Action to recover damages alleged to have been sustained by the plaintiff by reason of false and fraudulent representations made by defendant,

whereby she was induced to purchase from the defend-
ant certain bank stock.   A general demurrer to the
complaint was sustained, without leave to amend, and
judgment was thereupon entered for defendant, and
plaintiff appeals therefrom.

Plaintiff purchased from defendant thirty-six shares
of the capital stock of the City Bank of Los Angeles
on November 3, 1892, and the complaint sufficiently
alleges false and fraudulent representations made by
defendant to induce her to purchase, to justify a recov-
ery, if damages were sustained.   The complaint, how-
ever, further alleges that plaintiff discovered the fraud
on or about August 17, 1893, and brought an action to
rescind said contract of purchase, and that a decree was
rendered therein requiring the defendant to return the
consideration paid by plaintiff for said stock, and that
she, pursuant to said decree, delivered said stock to the
plaintiff.

The complaint then proceeds to allege: "That at the
time of the transfer of said stock the said city bank was
indebted to a large number of persons and corporations,
and among them the following, in the amount set oppo-
site their names" (enumerating more than eighty cred-
itors, with the amount due to each).

That on or about November 22, 1893, these claims
were consolidated by assignment, and the assignees com-
menced an action against her to recover a ratable pro-
portion of the said liabilities of said bank, and attached
her property, and that on or about the eighteenth day
of October, 1894, she paid on account of said claims the
proportion thereof which said thirty-six shares bore to
the entire subscribed capital stock, to wit, nine hundred
and eighty-four dollars and ten cents, and claimed dam-
ages in that sum.

All the liabilities against the bank which are set out
in the complaint are distinctly alleged to have accrued
before she purchased the stock, and she was, therefore,
not liable thereon to the creditors of the bank.   The
stockholders in a corporation who are liable to its cred-

itors are those who were stockholders at the time the indebtedness or liability was incurred by the corporation. (Const., art. XII, sec. 3; Civ. Code, sec. 322; *Bidwell* v. *Babcock*, 87 Cal. 29.) Respondent was liable for his proportion of those debts at the time he sold and transferred said stock to appellant, and was not released from his liability by the transfer. (Civ. Code, sec. 322.) As there existed no legal liability against appellant, her payment was voluntary, and does not constitute a cause of action against respondent for damages.

It clearly appearing that the sum paid by appellant was solely upon debts incurred before appellant purchased the stock, the court did not err in sustaining the demurrer without leave to amend.

The judgment appealed from should be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.

Hearing in Bank denied.