[No. 13695.  Department Two.— December 12, 1890.]

JAMES BIDWELL, RESPONDENT, v. E. S. BABCOCK,
Jr., APPELLANT.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — PLEADING. — The complaint
in an action to enforce the liability of stockholders for the indebtedness
of a corporation must state the proportion which the stock owned by
the defendant at the time the debt sued for was incurred bears to the
whole subscribed stock at that time, or facts from which such propor-
tion may be deduced.

ID. — ACTION FOR SEVERAL DEBTS — PLEADING — DEMURRER — SUBSCRIBED
STOCK. — A complaint in an action to enforce several debts of a corpora-
tion against a stockholder which states the number of shares owned by
the defendant during the period in which the debts sued for were in-
curred, and that during that period a certain number of shares were
subscribed for, issued to, and owned by various parties, without stat-
ing that that number was the whole number of shares of stock sub-
scribed at the time each debt was contracted, or stating the proportion
which the shares owned by the defendant bore to the whole subscribed
stock at each of said times, is insufficient, and a demurrer thereto should
be sustained.

ID. — SEVERAL COUNTS IN COMPLAINT — DEFECTIVE PLEADING. — A com-
plaint containing several counts upon several debts of a corporation
with which a stockholder is sought to be charged must state in each
count the existence of the corporation, and the facts showing the defend-
ant's proportionate share of liability for each debt, or must refer to the
statement of these facts in the first count; and defects in such statement
in subsequent counts cannot be supplied by statements in the first count,
in the absence of reference to them.

APPEAL from a judgment of the Superior Court of San
Diego County.

The facts are stated in the opinion.

*Hunsaker, Britt, & Goodrich*, for Appellant.

*Alexander G. Watson*, and *W. J. Walker*, for Respond-
ent.

VANCLIEF, C.— The defendant was sued as a stock-
holder of a corporation,—the San Diego Street Car Com-
pany,—under section 322 of the Civil Code, to recover
his proportionate part of certain alleged indebtedness of
the corporation.  His demurrer to the complaint was

overruled, and upon his failure to answer, judgment was rendered against him by default. This appeal is from the judgment on the judgment roll, and the overruling of the demurrer is assigned as error.

The complaint embraces three causes of action: 1. Indebtedness of the corporation for goods sold and delivered by the plaintiff "during the time" between December 6, 1888, and January 23, 1889; 2. Indebtedness of the corporation to H. L. Shaug, for goods sold and delivered by him, *during the same time*, assigned to the plaintiff; and 3. Indebtedness of the corporation to Morris and Breadlove for goods sold and delivered by them *during the same time*, assigned to plaintiff. The indebtedness of the corporation, alleged in the three causes of action, amounts to $858.72.

After properly stating the organization of the corporation, its existence during the time within which the indebtedness was incurred, and that its whole capital stock consisted of two thousand five hundred shares, of the par value of one hundred dollars per share, the complaint proceeds as follows:—

"4. That a large number of shares of said stock, to wit, 2,170, were subscribed for, issued to, and owned by the various parties who were the owners of said stock, as hereinafter specified, during the time between the sixth day of December, 1888, and the twenty-third day of January, A. D. 1889, both days inclusive, between which dates the debts hereinafter set forth were incurred."

Then, after alleging the indebtedness of the corporation as above indicated, comes the ninth paragraph, as follows:—

"9. That during the time mentioned in paragraph 4 of this complaint, to wit, between December 6, 1888, and January 23, 1889, the defendant, E. S. Babcock, Jr., was the owner of, to wit, 972 shares of the capital stock of said San Diego Street Car Company, and is indebted to

plaintiff herein in the sum of, to wit, $384.91, under section 322 of the Civil Code of California, and other laws of the state of California; that said sum has been demanded of defendant, but he has refused to pay the same, or any part thereof."

The allegations as to the organization and existence of the corporation, the amount of its whole capital stock, and in regard to the portion thereof subscribed, and the portion thereof owned by the defendant, are made only in connection with the first cause of action. None of them is repeated or referred to in connection with the second or third cause of action, as alleged in paragraphs 7 and 8 of the complaint.

The grounds of the demurrer are stated as follows: "1. That the said complaint does not state facts sufficient to constitute a cause of action; 2. That the said complaint is uncertain, ambiguous, and unintelligible in this, that it does not appear therefrom what number of shares of the capital stock of the San Diego Street Car Company had been subscribed for at the time of the creation of the alleged indebtedness mentioned in said complaint; nor does it show what proportion the amount of stock and shares of stock alleged to be owned by the defendant bears to the whole of the subscribed capital stock of the San Diego Street Car Company; nor does it show what proportion the stock of the defendant bore to the whole subscribed stock of said company at the time of the creation of such alleged indebtedness; nor does the said complaint show what proportionate part of each of the several sums of indebtedness of the San Diego Street Car Company shown in said complaint is the liability of the defendant.

" 2. Defendant also demurs to that portion of said complaint contained in the paragraph thereof numbered 7, upon the ground that the same attempts to set forth a separate cause of action against this defendant, and that the same does not state facts sufficient for that purpose.

" 3. On the same grounds stated in the above specification of demurrer No. 11, the defendant demurs to that part of the plaintiff's complaint contained in the paragraph thereof numbered 8."

The constitution of 1879 (art. 12, sec. 3) provides: " Each stockholder of a corporation . . . . shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation."

Section 322 of the Civil Code, as construed by this court, has substantially the same meaning and effect as the above quotation from the constitution.

1. It is essential to the statement of a cause of action, under this provision of the code and constitution, that the complaint state the proportion which the stock owned by the defendant at the time the debt sued for was incurred bears to the whole *subscribed* stock at the same time, or that it state facts from which such proportion can be deduced. But the complaint in this case states neither the proportion, nor facts from which it may be deduced. In this case, the required proportion cannot be ascertained by any process, without a knowledge of the whole number of shares of " the subscribed capital stock" existing immediately before and at the time each debt sued for was contracted or incurred. This knowledge, however, is not communicated by the complaint. To affirm, as in the fourth paragraph of the complaint, that 2,170 shares " were subscribed for, issued to, and owned by the various parties who were the owners of said stock during " a specified period of forty-nine days, within which the debts were contracted, is no limitation upon the number of shares subscribed for and owned during a portion of that period, within which the debts, or some of them, may have been incurred, since the debts may have been incurred at different

points of time within that period, and all may have been incurred on the last day of the period. Nor, indeed, does the averment limit the number of subscribed shares owned prior to and during the entire period specified. It is perfectly consistent with an averment that all the capital stock of the corporation (2,500 shares) was subscribed and owned by various persons prior to the specified period, and also consistent with an averment that the remainder of the stock (330 shares) was subscribed and owned on the third day of the period, and thence until the close of the period. Therefore, for aught that is alleged in the complaint, 2,500 shares may have been subscribed for prior to the period specified, and certainly that 330 shares, in addition to the 2,170, may have been subscribed within that period, and prior to the creation of the debts sued for. The averment relates only to subscribed stock that existed during the whole period of forty-nine consecutive days. It neither affirms nor denies, expressly or by implication, that an additional number of shares of subscribed stock existed during the last forty days of that period; yet, according to paragraphs of the complaint numbered 5, 7, and 8 all the debts sued for may have been incurred within the last forty days of that period. The complaint should have averred, in substance, if the fact was so, that there were 2,170 shares of subscribed stock, *and no more*, at the time each debt was incurred.

2. The second and third counts are defective in that they fail to state the existence of the corporation, the amount of its capital stock, the portion thereof subscribed, or the portion of the subscribed stock owned by defendant, or to refer to the statement of these facts in the first count. The defects in the second and third counts are not supplied by statements in the first count, in the absence of any reference to them in the second and third. (*Haskell* v. *Haskell*, 54 Cal. 262; *Barlow* v. *Burns*, 40 Cal. 351.)

I think the judgment should be reversed, and the cause remanded, with instruction to sustain the demurrer.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, with instructions to sustain the demurrer.