[S. F. No. 129.    Department Two.—May 22, 1896.]

## JOHN A. ROEBLING'S SONS COMPANY, RESPONDENT, v. C. C. BUTLER ET AL., APPELLANTS.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — PLEADING — OMISSION TO AVER NUMBER OF SUBSCRIBED SHARES—GENERAL DEMURRER.—In a complaint by a creditor of a corporation against a stockholder to recover his proportionate share of the debt, an averment of the total number of subscribed shares is essential to the cause of action, and a complaint omitting such averment, and merely averring the total amount of capital stock, and the number of shares into which it was divided, and the ownership by defendant of a specified number of shares of stock held by the defendant when the liability was created, does not state a cause of action, and the omission renders the complaint subject to a general demurrer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*Rodgers & Paterson*, for Appellants.

It is essential to the statement of a cause of action that the complaint state the portion which the stock

owned by the defendant at the time the debt sued for was incurred bears to the whole subscribed stock at the same time, or that it state facts from which such proportion can be deduced. (*Bidwell* v. *Babcock*, 87 Cal. 29; Const., art. XII, sec. 3; Civ. Code, sec. 322; *French* v. *Teschemaker*, 24 Cal. 518, 541.) The general demurrer was sufficient to raise the question. The point that the complaint does not state facts sufficient to constitute a cause of action may be raised at any stage of the proceedings. (Code Civ. Proc., sec. 434; *Barron* v. *Frink*, 30 Cal. 486; *Du Brutz* v. *Jessup*, 70 Cal. 75; *Richards* v. *Travelers' Ins. Co.*, 80 Cal. 505.)

*Wall J. Tuska*, for Respondent.

The complaint is sufficient. The objection made by appellants cannot be reached by general demurrer.

HENSHAW, J.—The trial court overruled defendant's general demurrer to plaintiff's complaint. Defendant refusing to answer, judgment against him was entered. From this judgment he appeals.

The plaintiff, a creditor of the S. S. Construction Company, a corporation, sought to charge defendant as a stockholder thereof for his proportionate share of the debt. The complaint averred the amount of capital stock of the defendant corporation, and the number of shares into which it was divided. It likewise averred ownership in defendant of a certain specified number of shares of this stock during the period within which the liability was created. But it did no more than this. It did not allege, nor can it be determined from the complaint, what the total number of the subscribed shares actually was, nor what proportion the holding of this defendant bore to the total amount of subscribed stock. As the number of individual stockholders' shares is to the whole number of subscribed shares, so is his proportion of the debt to the total amount of the debt. Unless, therefore, these three known factors are pleaded, namely, the number of the stockholders' shares, the total

of the subscribed shares, and the amount of the debt, it is impossible from the complaint to determine what amount of liability is sought to be charged against a stockholder.

This is so plain that it is conceded by respondent, but he insists that the admitted defect in the complaint is one which cannot be reached by general demurrer, but is subject to attack by special demurrer only.

The precise question arose in *Bidwell* v. *Babcock*, 87 Cal. 29, where this court said that the averment of these elements is essential to the statement of a cause of action.

The judgment is reversed and the cause remanded with directions to the trial court to sustain the defendant's demurrer.

McFARLAND, J., and TEMPLE, J., concurred.