[Civ. No. 267. Third Appellate District.—September 18, 1906.]

SAN FRANCISCO COMMERCIAL AGENCY, Respondent, v. M. K. MILLER et al., Defendants; WILLIAM L. DUNPHY and CHARLES DUNPHY, Appellants.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—INSUFFICIENT COMPLAINT —SUBSCRIBED CAPITAL STOCK NOT SHOWN.—A complaint in an action against stockholders of a corporation to recover their proportionate share of its indebtedness, which does not aver the whole number of shares of the "subscribed capital stock," is fatally defective.

ID.—AVERMENT OF ISSUED SHARES—COMMON KNOWLEDGE.—The averment that a certain number of shares were issued is not the equivalent of stating that only that number of shares were subscribed, and amounts to no more than a statement of stock certificates issued; and it is a matter of common knowledge that stock is invariably subscribed for before it is issued. Such averment might be true, and yet the remaining shares might have been subscribed for by persons not parties to the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Troutt, Judge.

The facts are stated in the opinion of the court.

W. J. Bartnett, for Appellants.

The complaint does not state a cause of action. (*John A. Roebling's Sons Co.* v. *Butler,* 112 Cal. 677, 45 Pac. 6.) Issued and subscribed capital stock have not the same meaning. (Civ. Code, secs. 290, 291 (4), 293, 301, 322, 323; Clark & Marshall on Private Corporations, p. 1158; 1 Clark on Corporations, 5th ed., sec. 192; 1 Purdy's Beach on Corporations, sec. 202; *Pacific Fruit Co.* v. *Coon,* 107 Cal. 452, 40

Pac. 542; *California Southern Hotel Co.* v. *Callender,* 94 Cal.
127, 29 Pac. 859.)

P. A. Bergerot, for Respondent.

The amount of the subscribed capital stock sufficiently ap-
pears, there being no special demurrer for uncertainty, the
judgment being by default. (*Amestoy* v. *Electric etc. Co.,*
95 Cal. 314, 30 Pac. 550; *Chamberlain* v. *Loewenthal,* 138
Cal. 47, 70 Pac. 932; *Harnish* v. *Bramer,* 71 Cal. 158, 11
Pac. 888; *Bliss* v. *Sneath,* 103 Cal. 43, 36 Pac. 1029; *Mullaly*
v. *Townsend,* 119 Cal. 47, 50 Pac. 1066; *Larkin* v. *Mullen,*
128 Cal. 453, 60 Pac. 1091.) *"Subscribed"* has the same
meaning as *"owned,"* else the amount of the proportionate
liability could never in any case be ascertained, as the liability
is only on those *"owning"* shares. The two elements of the
proportion must be similar. (Civ. Code, sec. 322; Const.,
art. XII, sec. 3; *American etc. Co.* v. *State Board,* 56 N. J. L.
389, 29 Atl. 160.)

McLAUGHLIN, J.—This is an action against certain stock-
holders of the Eureka Consolidated Oil Company to recover
their proportionate share of the indebtedness of said cor-
poration. The only question presented for decision involves
the sufficiency of an allegation in the complaint which reads
as follows:

"That the capital stock of said Eureka Consolidated Oil
Company now is, and at all the times hereinafter mentioned
was, the sum of Sixty Thousand Dollars, divided into 60,000
shares of the par value of One Dollar each; that at all said
times there had been *issued* by said Company 37,735 shares
of its capital stock, and no more, which shares were duly sub-
scribed for, owned and held by the shareholders of said com-
pany, and that there are now owned and held, and at all the
times hereinafter mentioned there were owned and held by
the defendants above named the number of shares set after
their respective names," etc.

The appellants demurred to the complaint on the ground
that no cause of action was stated; the demurrer was over-
ruled, and the appeal is taken from the judgment thereupon
entered in favor of plaintiff.

Section 3 of article 12 of the constitution provides that
"Each stockholder of a corporation or joint-stock association

shall be individually and personally liable for *such proportion* of all of its debts and liabilities contracted or incurred during the time he was a stockholder, *as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock* or shares of the corporation or association."

In the complaint before us, the number of shares issued and the number of shares subscribed for and owned by the defendants is stated, but we are left groping as to the number of shares constituting the whole of the *"subscribed capital stock."* It is contended that the averment that but 37,735 shares were *issued* is equivalent to a statement that only that number of shares were *subscribed.* With this contention we cannot agree. In the case at bar the averment in question might be absolutely true, and yet the remaining number of shares might have been subscribed by one or more persons not made defendants in this action. "To constitute the subscribers stockholders, it was not necessary that the certificates of stock should have issued to them." (*San Jose L. & W. Co.* v. *Beecher,* 101 Cal. 79, [35 Pac. 349] ; *California S. H. Co.* v. *Callender,* 94 Cal. 127, [28 Am. St. Rep. 99, 29 Pac. 859] ; *Mitchell* v. *Beckman,* 64 Cal. 121, [28 Pac. 110].) The averment that stock has been issued amounts to no more than a statement that the stock certificates have issued. (*Tulare Sav. Bank* v. *Talbot,* 131 Cal. 39, [63 Pac. 172].) And it is a matter of common knowledge that stock is invariably subscribed for before it is issued.

From this it follows that one element necessary to fix the proportion of the indebtedness for which appellants were liable is entirely wanting. We know the amount of stock issued and the number of shares owned by appellants, but we are not informed as to the total number of shares subscribed.

It has been held repeatedly that a complaint failing to state the whole number of shares subscribed is fatally defective and we have neither the inclination nor the right to depart from a rule so well settled and sound. (*John A. Roebling's Sons Co.* v. *Butler,* 112 Cal. 678, [45 Pac. 6] ; *Bidwell* v. *Babcock,* 87 Cal. 32, [25 Pac. 752] ; Const., art. XII, sec. 3; Civ. Code, sec. 322.)

The judgment is reversed.

Buckles, J., and Chipman, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 16, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November, 15, 1906.