[L. A. No. 2496.    Department One.—August 31, 1910.]

FRANK N. THOMAS, Respondent, v. WENTWORTH
HOTEL COMPANY (a Corporation), et al., Defendants;
F. A. WARNER, Appellant.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — PLEADING — NECESSARY
AVERMENT—AMOUNT OF SUBSCRIBED CAPITAL STOCK.—The liability
of each stockholder in a corporation is measured by the proportion
which the amount of his stock bears to the whole of the subscribed
capital stock of the corporation; and an averment of the amount of
such subscribed capital stock is an essential part of the cause of
action to enforce the liability of a stockholder. Without it there is
no showing of one of the elements necessary for the computation of
the "proportion" of the debt for which the defendant is liable.

ID.—AVERMENT OF TOTAL NUMBER OF "SHARES OF CAPITAL STOCK OUT-
STANDING"—DEFECTIVE PLEADING—WAIVER.—In an averment that
at the time the indebtedness was incurred, "the total number of
shares of the capital stock of the said defendant . . . then outstand-
ing was thirty-five hundred," though the word "outstanding" is not
the exact equivalent of "subscribed," and its use in the pleading is
not to be commended, yet it is evident that the pleader was endeavor-
ing to set forth the amount of the total subscribed stock, and that
the form of the averment is merely imperfect or ambiguous. In the
absence of any demurrer, general or special, the pleading should be
treated, after trial and judgment, as a case of defective pleading,
which may be waived, and not as an entire omission to plead a ma-
terial fact, which is fatal.

ID.—INCORPORATION OF DEFENDANT UNDER LAWS OF ARIZONA—EXEMP-
TION OF STOCKHOLDER'S LIABILITY—PLACE OF BUSINESS IN THIS
STATE.—The fact that defendant was incorporated under the laws
of Arizona, and that by the terms of its Arizona charter the stock-
holders are expressly exempted from liability for corporate debts,
and that the stock is made non-assessable, constitutes no defense to
an action in this state to enforce the liability of stockholders under
the laws of this state, as to business done in this state, in pursu-
ance of its charter, for indebtedness incurred in the course of busi-
ness done at a principal place of business fixed by its charter in this
state.

ID.—LAW OF PLACE OF CONTRACTING.—When a corporation is formed in
one state and by the express terms of its charter it is created for
doing business in another state, and business is done in that state,
it must be assumed that the charter contract was made with refer-
ence to its laws; and the liabilities which those laws impose will
attend the transaction of the business done in such other state. The
provision of the articles can have no greater force than is to be

attributed to the express law of the state creating the corporation. But in so far as the charter or articles declare an intent to do business in another state, the law of that state becomes, as to the business there done, a part of the contract, whether stated in the charter or not.

ID.—FILING OF COPY OF ARTICLES IN THIS STATE—RESIDENT CREDITORS OF CORPORATION NOT ESTOPPED.—The fact that a copy of the articles of incorporation showing the exemption of stockholders, was filed in this state, cannot estop resident creditors of the corporation from enforcing the liability of stockholders for indebtedness contracted in this state. The contract, properly construed, does not purport to apply the exemption in the original articles to business done in California, and there is no ground for estoppel as to such business.

ID.—EXTENT OF BUSINESS DONE IN THIS STATE IMMATERIAL.—The extent of the business done by the corporation organized elsewhere, in this state, is immaterial as to the liability of its stockholders for indebtedness here incurred. It can make no difference whether the corporators intend to do all or only a part of their business in this state. Their relations to the state into which they come with regard to business there done, cannot be affected by the circumstance that they also intend to, or do transact some business elsewhere.

ID.—JUSTICE OF STOCKHOLDERS' LIABILITY IN THIS STATE—LAW AND CONSTITUTION OF STATE CONTROLLING.—The justice of the enforcement of stockholders' liability in this state for business done here by a corporation elsewhere organized is evident, since the law of this state declares that "the liability of each stockholder of a corporation formed under the laws of any other state or territory of the United States, or of any foreign country, and doing business within this state, is the same as the liability of a stockholder of a corporation created under the constitution and laws of this state," and in so declaring carries out the constitutional mandate that foreign corporations shall not be "allowed to transact business within this state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state."

ID.—STOCKHOLDERS OF FOREIGN CORPORATIONS CHARGEABLE WITH KNOWLEDGE—ESTOPPEL.—Stockholders of foreign corporations seeking to avail themselves of the permission granted by this state to do business therein, are chargeable with knowledge of the provisions of its constitution and laws upon the basis of which such permission is granted. They should not be allowed to take advantage of the benefits afforded by our laws, and at the same time to repudiate the accompanying burdens thereby imposed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

W. S. Wright, for Appellant.

Porter, Sutton & Cruickshank, and J. R. Scott, *Amicus Curiæ,* for Respondent.

SLOSS, J.—The defendant Warner, a stockholder of the Wentworth Hotel Company, a corporation, appeals from a judgment against him for his proportionate share of the indebtedness of the corporation evidenced by two promissory notes executed, and by their terms payable, in this state. The appeal is on the judgment-roll alone.

The appellant contends that each of the two counts is defective in failing to allege the number of shares of stock of the corporation which had been subscribed. Since the liability of each stockholder is measured by the proportion which his stock bears to the "whole of the subscribed capital stock or shares of the corporation" (Civ. Code, sec. 322), it is plain that an averment of the amount of such subscribed stock is an essential part of the cause of action. Without it there is no showing of one of the elements necessary for the computation of the "proportion" of the debt for which the defendant is liable. (*Bidwell* v. *Babcock,* 87 Cal. 29, [25 Pac. 752]; *Roebling's Sons Co.* v. *Butler,* 112 Cal. 677, [45 Pac. 6].)

The allegation of the complaint before us is that, at the time the indebtedness was incurred "the total number of shares of the capital stock of the said defendant, Wentworth Hotel Company, then outstanding was thirty-five hundred." The word "outstanding" can hardly be said to be the exact equivalent of "subscribed," and its use in a pleading of this character is not to be commended. At the same time it is no stretch of construction to say that, in view of the purpose of the action, the pleader was endeavoring, by means of the allegation quoted, to set forth the amount of the total subscribed stock. In one of our own decisions (*Knowles* v. *Sandercock,* 107 Cal. 629, [40 Pac. 1047]), the word "outstanding" was used in the sense here indicated. In speaking of an action to enforce the liability of stockholders, the court, per Temple, J., stated that "it was incumbent upon the plaintiff to prove the whole amount of stock outstanding to enable the court to determine the liability." That this mode of expression is found in the course of the argument in an opinion is,

of course, no ground for saying that it is sufficient for the purposes of a pleading. We may, however, take it as furnishing some basis for the contention that the word "outstanding," as applied to shares of stock, may bear the meaning of "subscribed." If this be so, there is not a total failure to allege the necessary fact, but rather, an imperfect or ambiguous averment. Such defect should be reached by a demurrer pointing out the special objection. (*Ryan* v. *Jacques,* 103 Cal. 280, [37 Pac. 186].) No demurrer, general or special, was interposed here, and we think that, after trial and judgment, this should be treated as "a case of defective pleading which may be waived, and not an entire omission to plead a material fact which is fatal." (*Kimball* v. *Richardson-Kimball Co.,* 111 Cal. 386, [43 Pac. 1111].)

The appellant makes the further point that, under the facts shown by the pleadings and the findings, there is no liability on his part. The Wentworth Hotel Company was incorporated under the laws of the territory of Arizona. The complaint alleges that it was organized for the purpose, among other things, of transacting business in the county of Los Angeles, state of California. The answer does not undertake to deny this otherwise than by the averment that "the only words in the articles of incorporation of said defendant company which concern its possible purpose of doing business outside of the territory of Arizona, are as follows," quoting provisions of the articles to the effect that the principal place of business in Arizona is Tucson, and the principal place of business outside of Arizona shall be in the city of Los Angeles or, at the option of the board of directors, the city of Pasadena, California, at which place meetings of stockholders or directors shall be held, and quoting further, provisions of the articles describing the business to be transacted in very comprehensive terms. The findings follow the averment of the complaint that the corporation was organized for the purpose, in part, of doing business in Los Angeles County, but state, further, that the articles of incorporation contain nothing concerning the intent to do business outside of Arizona, beyond the matter quoted in defendant's answer. This last finding does not, however, modify the finding that the purpose was, in part, to transact business in Los Angeles. The answer raised no substantial issue in this regard. The articles, so far

as set forth in the defendant's pleading, plainly declared the purpose of transacting some, if not the principal part of the corporate business in Los Angeles County. The court found, further, that at the time the liabilities upon which the action is based were incurred, the corporation was actually doing business in said county and the appellant was a resident of this state.

The appellant's claim of exemption is based upon the following allegations of his answer, which were found by the court to be true. The laws of Arizona, under which the Wentworth Hotel Company was incorporated, provide for the formation of corporations for the transaction of any lawful business, and that such corporations shall have power, among other things, "to exempt the private property of members from liability for corporate debts." The articles of incorporation are required to state whether private property is to be exempt from corporate debts. If not so exempted, stockholders are liable for the debts of the corporation in the proportion which their stock bears to the whole capital stock. The articles of incorporation of the Wentworth Hotel Company expressly declare that the stock shall be non-assessable, and that "the private property of the stockholders of this corporation shall be and is hereby made forever exempt from all liability for its debts or obligations." Certified copies of these articles were filed with the secretary of state of California and with the clerk of the county of Los Angeles.

The facts so set up and found do not constitute any defense to the action—a conclusion which requires no support further than that afforded by a citation of the cases of *Pinney* v. *Nelson*, 183 U. S. 144, [22 Sup. Ct. 52], and *Peck* v. *Noee,* 154 Cal. 351, [97 Pac. 865]. In the first of these cases it was held that stockholders of a Colorado corporation, whose articles of incorporation declared its purpose of doing part of its business in the state of California, were liable according to the provisions of section 322 of the Civil Code for liabilities incurred by the corporation in the latter state, notwithstanding the fact that under the laws of Colorado a stockholder is not liable for any portion of the corporate debt. In *Peck* v. *Noee,* the rule was applied to the case of a corporation organized under the laws of Nevada, whose constitution provided that "corporators of corporations formed under the laws of this

state shall not be individually liable for the debts or liabilities. of such corporations." The appellant has not succeeded in distinguishing the case at bar from those cited. It is true, as contended, that the liability of stockholders rests upon contract and that the terms of the contract between the incorporators are ordinarily to be ascertained from the articles of incorporation, read in the light of the statute which authorizes: the creation of the corporate body. But, as is pointed out by the supreme court of the United States in *Pinney* v. *Nelson*,. 183 U. S. 144, [22 Sup. Ct. 52], when a contract is made with reference to the laws of a jurisdiction other than that of the place of contracting, the parties will be deemed to have incorporated into their agreement the law of the jurisdiction with reference to which they were contracting. Accordingly,. says the court, "when a corporation is formed in one state,. and by the express terms of its charter it is created for doing business in another state, and business is done in that state, it must be assumed that the charter contract was made with reference to its laws; and the liabilities which those laws. impose will attend the transaction of such business." It can make no difference that in *Pinney* v. *Nelson* and *Peck* v. *Noee*,. the freedom from individual liability was declared by statute or constitution, whereas here it was, under the authority of the statute, declared in the articles. The provision of the articles can have no greater force than is to be attributed to the express law of the state creating the corporation. Such law is, for most purposes, imported into the contract of association and forms a part of it, whether stated in the charter or not. But, in so far as the charter or articles declare an intent to do business in another state, the law of that state becomes, so far as concerns business there done, a part of the contract. The articles, like the law itself, are not to be read as providing for exemption from stockholders' liability for debts to be incurred in a state which permits foreign corporations to come in only upon condition that the stockholders shall be liable for the corporate debts. And here is the answer to the suggestion that the filing, in this state, of certified copies of the articles conveyed to creditors constructive notice of the fact that the contract of the corporators exempted them from liability and estopped the creditors from claiming such liability. The contract, properly construed, does not.

purport to apply such exemption to business done in California, and there is no ground, therefore, for the operation of an estoppel.

The appellant argues, in his brief, that in both of the cases relied on by the plaintiff the articles showed an intent to do the *entire* corporate business in California, whereas here the articles indicate an intent to do a part of the business of the corporation in other places. The supposed distinction does not really exist. The articles of incorporation in the Pinney case declared, merely, a purpose of carrying on *part* of the business beyond the limits of Colorado, the state of incorporation, and provided for an office and place of business in Colorado. In this respect the articles are very similar to those of the corporation here involved. But, if the fact were as suggested, it would present no valid ground of discrimination. The fact that a corporation is formed in one state with the declared purpose of doing business in another justifies, as we have seen, the assumption that, with regard to the business to be done in such other state, the corporators agree to be bound by its laws. It can make no difference whether they intend to do all or only a part of their business in such state. Their relations to the state into which they come, with regard to business there done, cannot be affected by the circumstance that they also intend to, or do, transact some business elsewhere.

There is no injustice or hardship in this result. The law of this state declares in express terms that "the liability of each stockholder of a corporation formed under the laws of any other state or territory of the United States, or of any foreign country, and doing business within this state, is the same as the liability of a stockholder of a corporation created under the constitution and laws of this state." (Civ. Code, sec. 322.) This statute carries out the constitutional mandate that foreign corporations shall not be "allowed to transact business within this state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state." (Const. Cal. art. XII, sec. 15.) These provisions existed when this corporation was formed for the express purpose of doing business in California. The stockholders, seeking to avail themselves of the permission granted by this state to foreign corporations to do business here, knew, or should have known, the terms upon which this privilege

was tendered. They should not be allowed to take advantage
of the benefits afforded by our law, at the same time repudiat-
ing the accompanying burdens.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.