[L. A. No. 3320.   In Bank.—April 10, 1915.]

TROPICO LAND AND IMPROVEMENT COMPANY (a Corporation), Appellant, v. LUCIE M. LAMBOURN, Executrix of the Last Will and Testament of Susan Glassell Mitchell, Deceased, Respondent.

DEED—COVENANT OF WARRANTY—NOT CONTRACT TO CONVEY OUTSTANDING TITLE—LIABILITY OF WARRANTOR.—A covenant of warranty in a deed, whereby the grantor covenanted with the grantee that the land conveyed is free from all encumbrances, and that the grantor will warrant and defend the same to the grantee, against the just and lawful claims and demands of all persons whomsoever, cannot be construed as a contract whereby the grantor agreed to acquire and convey, or cause the owner thereof to convey, an outstanding paramount title to the grantee. Such warranty is merely an undertaking by the warrantor, that on the failure of the title which the deed purports to convey, by setting up a superior title, he will make compensation in money for the loss sustained by such failure of title. The rule of damages, where there has been an actual loss of the premises, is the purchase money and interest.

ID.—SPECIFIC PERFORMANCE TO COMPEL PURCHASE OF OUTSTANDING TITLE.—Specific performance will not lie against the estate of the deceased warrantor to compel it to purchase an outstanding paramount title and convey it to the warrantee, notwithstanding an allegation that the owner of the outstanding title is willing and anxious to sell the same for its reasonable market value.

ID.—DEATH OF WARRANTOR—CONTINGENT CLAIM AGAINST ESTATE—NECESSITY OF PRESENTATION.—In case of the death of the warrantor, the only way in which the warrantee could perpetuate the right to recover damages from the estate of the warrantor for a future breach of the warranty would be by presenting a claim based upon the covenant of warranty and having it allowed and established as a contingent claim against the estate. Unless so presented no action could be maintained thereon.

ID.—FAILURE TO PRESENT CLAIM IN TIME—ABSENCE OF CLAIMANT FROM STATE—AFFIDAVIT.—A contingent claim against the estate of a deceased person, not presented within the time limit provided in the notice to creditors for the presentation of claims, is barred, unless the creditor is entitled to the benefit of the exception contained in section 1493 of the Code of Civil Procedure, providing that "when it is made to appear by the affidavit of the claimant, to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this chapter, by reason of being out of the

CLXX Cal.—3

state, it may be presented at any time before a decree of distribution is entered."

Id.—Affidavit Accompanying Claim not Conclusive of Absence from State—Action on Claim.—In an action on a rejected claim which was not presented within the time limit provided in the notice to creditors, the affidavit filed by the claimant to avail himself of the exception contained in section 1493 of the Code of Civil Procedure, although sufficient in its averments, is not conclusive evidence of the fact that the claimant was out of the state during the time limited by the notice. The question of the presence in or absence from the state of the claimant during that period is one of fact in proof of which general evidence is admissible.

Id.—Effect of Affidavit—Permission of Court for Presentation of Claim.—The requirement of that section as to the showing by affidavit of the claimant relates only to the method by which a claimant must present a *prima facie* right to avail himself of the benefit of the exception. It does not preclude the court from taking other evidence to satisfy itself whether the claimant, in fact, comes within the benefit of that exception. The whole purpose of the exception in favor of absent claimants is to give them additional time beyond ordinary claimants to permit the presentation of claims which otherwise would be barred, if the court in the probate proceeding in which application for permission to do so is made is satisfied it should be granted. If permission to present the claim is given and it is thereafter allowed by the executor or administrator and approved by the court in probate, it stands as other allowed claims, a legal charge against the estate. If permission to present it against the estate is denied, that is equivalent to a rejection of the claim, and it then is in the same position as any other rejected claim and must be established by an action at law in which the claimant must affirmatively establish all matters which it was essential for him to make proof of in the first instance to the judge or court to whom application was made to be permitted to present it against the estate.

Id.—Foreign Corporation as Claimant—Corporation When Present in State.—Notwithstanding the claimant is a foreign corporation having its principal place of business in the state of its incorporation, a finding that it was not absent from this state within the purview of section 1493 of the Code of Civil Procedure, is sustained by evidence that long prior to and during the entire time the notice to creditors was being published all the property of the corporation was within this state, all of its officers and agents were there, all of its business was transacted there, all the meetings of its board of directors were held there, and that the corporation was organized for the purpose of carrying on business in the state of California.

Id.—Corporations Doing Business in State—Subjection to State Process.—When such foreign corporation accepts the privilege tendered it under our laws of doing business in this state, and prose-

cutes that business here through its resident managing agent, it submits itself to the control and effect of its process. This is true as to process issued in suits instituted against such corporation in this state, and it is equally true as to process generally. The publication of notice to creditors is statutory process and when it has been given in compliance with the statute, as the proceeding under which it is given is one *in rem*, it is binding upon all the world except as to those who may be entitled to the benefit of the exception under section 1493.

ID.—FINDING THAT CLAIM IS BARRED BY STATUTE—OTHER FINDINGS IMMATERIAL.—In an action by such foreign corporation upon its rejected contingent claim based upon such covenant of warranty, the finding that the right to have it established as a claim against the estate of the deceased warrantor was barred by the statute is determinative of the case and renders immaterial findings on other issues.

ID.—JOINDER OF CAUSES OF ACTION—MISJOINDER OF PARTIES—ACTION AGAINST DEVISEE OF DECEASED WARRANTOR.—The cause of action for the establishment of such contingent claim against the estate of the deceased warrantor, cannot be joined with a cause of action against the devisee of the land affected by the warranty, to recover, to the extent of the land devised, for the loss suffered by the plaintiff as a result of a breach of the covenant of warranty made by the deceased. Such a joinder would effect a misjoinder of parties defendant, by reason of the absence of unity of interest in the parties.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Tom C. Thornton, Tobias R. Archer, and Denis & Loewenthal, for Appellant.

Oscar C. Mueller, and Horace S. Wilson, for Respondent.

LORIGAN, J.—This appeal was originally before the district court of appeal for the second appellate district and transferred here on account of the inability of the justices of the district court to concur in a judgment. The opinions of the several justices of that court accompany the transfer. The main opinion was written by Mr. Justice Shaw and states the facts and points involved on the appeal. His conclusion on one of these points with which his associates appear

to have agreed, while entertaining a different view on another, is as follows:

"The facts appearing without dispute so far as pertinent to a consideration of the case, as shown by the first count of the complaint which contains two counts, are as follows: Plaintiff is a corporation created under the laws of Arizona, and defendant is the executrix of the last will and testament of Susan Glassell Mitchell, who died December 31, 1907. On August 30, 1880, Andrew Glassell, who was the owner in fee thereof, executed a deed whereby he conveyed to his daughter, Susan Glassell Mitchell, the real estate in said deed described, 'for and during her natural life remainder to the issue of her body living at the time of her decease, forever, failing such issue of her body remainder to said E. H. Mitchell (her husband) for and during his natural life and remainder equally to the heirs of the party of the first part (the grantor) forever, and to the heirs of said H. M. Mitchell.' The grantee, Susan Glassell Mitchell, entered upon and continued in possession of the land so conveyed until October 28, 1905, when, in consideration of $52,500 paid her by J. B. Treadwell, she conveyed the same to him, and he and plaintiff corporation, to which he conveyed 106 acres of the land, entered upon and continued in possession thereof down to the bringing of this action. This deed so executed by Mrs. Mitchell to Treadwell contained a covenant of warranty made by the grantor, as follows: 'To have and to hold the same to the said J. B. Treadwell, his heirs and assigns forever; and the said first party (Susan Glassell Mitchell) does hereby covenant with the said J. B. Treadwell and his legal representatives that the said real estate is free from all encumbrances, and that she will and her heirs, executors and administrators shall warrant and defend the same to the said J. B. Treadwell, his heirs and assigns forever, against the just and lawful claims and demands of all persons whomsoever.' At the time Glassell conveyed the land to Mrs. Mitchell she had living two daughters, Lucie M. Lambourn and Eileen G. Bedford, and no other children. These two daughters, by deed duly executed, conveyed to their mother, Susan Glassell Mitchell, such interest and title as they had acquired in the land under and by virtue of the deed from Andrew Glassell to their mother, thus vesting in Treadwell the title and interest in the land not only of Susan Glassell Mitchell, but also that of her two

children.  Prior to the death of decedent, her daughter Eileen died, leaving surviving her a minor daughter, Lucile Richmond Bedford, who was born prior to the execution of the deed by Susan Glassell Mitchell to Treadwell.  Lucie M. Lambourn as such executrix, in pursuance of an order of court, caused a notice to creditors of said decedent to be duly published, requiring all persons having claims against said deceased to present them, with vouchers, to the executrix for allowance within ten months after the first publication of said notice, which was made on January 25, 1909, and thereafter duly published as required by law.  On April 9, 1910, Lucile Richmond Bedford, then a minor, by her guardian commenced an action in the superior court of Los Angeles County against plaintiff and others, whereby she sought to have entered a decree adjudging her to be the owner of an undivided one-half of said premises so conveyed by Susan Glassell Mitchell to Treadwell.  On April 14, 1910, plaintiff filed in the superior court of Los Angeles County a petition entitled in the matter of the estate of said Susan Glassell Mitchell, deceased, wherein it asked for an order requiring the specific performance by Lucie M. Lambourn, as executrix, of the covenant of warranty so made by said decedent as contained in her said deed to J. B. Treadwell, claiming it was entitled to a conveyance from said executrix of all right, title and interest of said Lucile Richmond Bedford in and to the property so conveyed to it by Treadwell, and wherein it alleged that said Lucile Richmond Bedford was willing to sell and convey her interest to said executrix at a fair valuation thereof, and alleging that said Lucile Richmond Bedford was ready, willing, and anxious to sell said property to said executrix at its reasonable market value, and that said executrix could, by paying the reasonable market value thereof, obtain a conveyance of such interest as Lucile Richmond Bedford had therein, which petition was, in August 1910, by the court dismissed without prejudice to the rights of petitioner.  That Lucile Richmond Bedford is willing and anxious to sell and convey her interest in the land to said executrix, or to any person whom she may nominate, for its reasonable market value, and said executrix can, by paying the reasonable value thereof, have the same conveyed to plaintiff.  The value of the property of the estate of said Susan Glassell Mitchell in excess of an amount sufficient to pay the claims against said

estate other than under said covenant of warranty, was three hundred thousand dollars, all of which, under the terms of the will of said Susan Glassell Mitchell, was to be distributed to Lucie M. Lambourn. The prayer of the complaint based upon this count was for a decree requiring the executrix to purchase and procure from Lucile Richmond Bedford all her right, title and interest in and to the property conveyed by Treadwell to plaintiff at a fair valuation thereof and convey the same to plaintiff. A demurrer interposed to this count of the complaint was sustained upon the ground that it did not appear therefrom that such or any claim had been presented for allowance to the executrix, as required by statute, and also for want of facts alleged sufficient to entitle plaintiff to specific performance of the contract of warranty made by deceased.

"The alleged cause of action for specific performance is based upon a breach of the warranty contained in the deed of Susan Glassell Mitchell. By no rule of interpretation can this covenant of warranty be construed as a contract whereby she agreed to acquire and convey, or cause the owner thereof to convey, an outstanding paramount title to plaintiff. Her deed purported to convey the title, and the covenant was an assurance of title in fee to the land so conveyed to the grantee, with an agreement on her part to defend the same against the lawful claims of all persons asserting ownership thereof. The covenant of warranty in a deed conveying land, or any interest in land, is an undertaking by the warrantor, that on the failure of the title which the deed purports to convey, either for the whole estate or for a part only, by setting up a superior title, that he will make compensation in money for the loss sustained by such failure of title. (*King* v. *Kerr's Adm'rs,* 5 Ohio, 155, [22 Am. Dec. 777].) And in *McGary* v. *Hastings,* 39 Cal. 360, [2 Am. Rep. 456], it is said: 'It is well settled that the rule of damages, where there has been an actual loss of the premises, is the purchase money and interest.' This rule, 'that the measure of damages is the consideration paid and interest to the date of the judgment of eviction,' says the author of Pingrey on Real Property (sec. 1461), prevails in nearly all the states of the union. The land, by reason of its enhanced value due to accidental causes, might be worth several times the purchase price paid therefor, and a decree adjudging that defendant should ac-

quire the outstanding title of Lucile Richmond Bedford, assuming she was willing to sell it at its present market value and convey the same to plaintiff, would be wholly unwarranted by the facts stated. The covenant of warranty is not a contract upon which such right can be predicated but merely a promise to make compensation in money for loss due to an eviction. The remedy in such case is to enforce the obligation assumed by the covenantor in an action at law for the damages sustained by reason of the breach of the covenant. Moreover, the decree asked for, if granted, is one which the court could not enforce. True, it is alleged that Lucile Richmond Bedford is willing to sell her interest at its market value; nevertheless, being under no obligation so to do, she might refuse to sell, in which case the court would be powerless to enforce its decree. The first count of the complaint is wholly wanting in stating facts upon which the court could decree specific performance as prayed for, and hence the court did not err in sustaining the demurrer thereto.''

We are satisfied that the conclusion reached in the part of the opinion just quoted is correct and adopt it as properly disposing of the point on this appeal there determined.

By the second count of the complaint, plaintiff adopted all the allegations of the first count and, in addition thereto, alleged that in April, 1910, after the expiration of ten months from the first publication of notice to creditors, and after the commencement of said action by Lucile Richmond Bedford, and before the distribution of the estate, it presented to the executrix a verified claim in due form, shown to be a contingent claim, based upon said covenant of warranty, and presented therewith affidavits made by the president and secretary of plaintiff, which affidavits in substance are as follows: That plaintiff prior to October 14, 1905, was a corporation created and existing under and by virtue of the laws of the territory of Arizona, having its office and principal place of business in the city of Phoenix, Arizona, of which territory it was a resident, and at all times prior to April 11, 1910, it had been out of the state of California; that it had no notice or knowledge, actual or otherwise, of the probating of the will of Susan Glassell Mitchell, or of the publication of any notice to creditors in the matter of said estate, or the appointment of an executrix thereof, until April 8, 1910; that by reason of the fact that said corporation is, and at all of

the times mentioned has been, out of the state of California and a resident of the territory of Arizona and a nonresident of California, it had no knowledge or notice of the publication of the notice to file claims against the said estate, and for that reason its claim was not presented to the executrix of said estate for allowance as required by the statute. These affidavits, it was stated therein, were made for the purpose of obtaining permission to present said claim to the executrix of said estate. It was further alleged that on August 2, 1910, the superior court, after due proceedings to that end, rejected said claim. Upon this count of the complaint plaintiff prayed for judgment establishing said claim as a good and valid claim against the estate of said Susan Glassell Mitchell, deceased.

Section 1493 of the Code of Civil Procedure provides: "All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court, or a judge thereof, that the claimant had no notice as provided in this chapter, by reason of being out of the state, it may be presented at any time before a decree of distribution is entered." In presenting its claim for allowance in the probate proceeding it was the purpose of appellant to bring itself within the exception provided by the above-quoted section. Upon the trial the court found that plaintiff did, by petition, on April 13, 1910, apply to the superior court for permission to present its said contingent claim to the executrix for allowance, which application was supported by the affidavits set forth in the complaint, and the same was by the court denied; that the averments contained in the affidavits, to the effect that plaintiff at all the times therein mentioned was out of the state of California and had no knowledge or notice of the publication of notice to creditors of said estate, were untrue; that plaintiff's claim was never at any time presented for allowance to the executrix of the estate; and "that the second cause of action set forth in plaintiff's complaint is barred by the provisions of section 1493 of the Code of Civil Procedure of the state of California"; and as a conclusion of law from the foregoing finding, found that the cause of action was barred by said section of the code, and by

reason whereof plaintiff was not entitled to have its claim established against the estate of said decedent.

It was with reference to the correctness of this finding and the conclusion of the court thereon that the judges of the district court of appeal disagreed.

The claim which the appellant presented originally for allowance by the court in the matter of the estate of the deceased being based upon the covenant of warranty referred to therein was contingent on a breach of the covenant, an event which might never occur, and the only way in which appellant could perpetuate its right to recover damages from the estate of the covenantor in case the breach should occur was by having it allowed and established as a contingent claim against the estate. (*Verdier* v. *Roache,* 96 Cal. 467, [59 Pac. 480]; *Maddock* v. *Russell,* 109 Cal. 417, [42 Pac. 139]; *Barto* v. *Stewart,* 21 Wash. 605, [31 Pac. 554].) Unless so presented no action could be maintained thereon. (Code Civ. Proc., sec. 1500; *Burke* v. *Maguire,* 154 Cal. 462, [98 Pac. 21].)

The claim of the appellant not having been presented within the time limit provided in the notice to creditors for the presentation of claims against the estate, was barred unless the appellant was entitled to the benefit of the exception contained in section 1493. In order to bring itself within that exception, it was necessary for appellant in the proceeding in the matter of such estate to make it appear by its affidavit to the satisfaction of the court or judge thereof that by reason of being out of the state it had no notice of the publication of notice to creditors. This appellant undertook to do by presenting its affidavit as heretofore stated, but this right to present its claim was denied by the court. Properly treating this as a rejection of its claim, appellant brought this action to have such claim established against the estate. In its answer the respondent denied that the appellant was as stated in its affidavit presented in the probate proceeding, out of the state during the time limit provided in the notice to creditors, but that on the contrary, appellant was at all such time in this state. On the theory that an issue of fact as to whether appellant was or was not out of the state was thus presented and to be treated as any other issue of fact general evidence in support of the position of respondent was received by the court and its finding that appellant was not out

of the state, and its conclusion therefrom that the right of
the appellant to present its claim was barred by the provi-
sions of section 1493, was based upon such evidence. The
contention of appellant is that the trial of the case on the
theory that any such issue was involved or that general evi-
dence might be received by the court upon it was erroneous;
that the only question involved in the case, as far as the right
of appellant to have its claim established against the estate
in this action, was whether the affidavit filed in the probate
court proceeding and presented to the court there, sufficiently
showed to the satisfaction of the court that appellant was
within the benefit of the exception as being out of the state
during the time limit for presenting claims and that the sole
and only evidence which should have been received and con-
sidered on that question was the affidavit itself of the claim-
ant presented in the probate proceeding; that no other evi-
dence was proper or admissible.

We cannot agree with this position of appellant. We do
not think that any different rule applies in the matter of
claims, permission to present which against an estate is ap-
plied for to the court or judge thereof under the exception,
than applies to claims generally presented directly to the
executor or administrator for allowance. While the law by
virtue of the exception in section 1493 extends an advantage
to claimants out of the state, it was not intended thereby
to give them any superior advantage over other claimants
or to limit the power of the court as to its action with respect
to such claims. All claims presented against an estate,
whether inside or outside of the time limit, are required to
be supported by affidavit setting forth certain facts. In the
case of claims presented within the time limit neither the
court nor judge nor the executor nor administrator of the
estate is required under any statement of facts in the affidavit
to allow the claim. It may be rejected notwithstanding it
may appear upon its face with its accompanying affidavit to
be a valid claim. Certainly as to claims presented within the
time limit and rejected it would not be pretended in a suit
subsequently brought to establish the claim that the affidavit
of facts stated therein would be any evidence in the matter.
If the claim is rejected and a suit brought to establish it the
executor or administrator would be entitled to contest any
fact set forth or relied on in the affidavit. The whole matter

would be at large. There is no reason why any different rule should be applied to an application for leave to present a claim as coming within the exception to the statute which is denied, and a suit subsequently brought thereon. It is true that section 1493 provides that a claimant shall be entitled to the benefit of the exception where it is made to appear by his affidavit to the satisfaction of the court or judge thereof that he was out of the state during the time limit of the notice of publication. But we do not understand that the court or the judge in the probate proceeding is bound solely to a consideration of the affidavit. This requirement as to the showing by affidavit of the claimant relates only to the method by which a claimant must present a *prima facie* right to avail himself of the benefit of the exception. It does not preclude the court from taking other evidence to satisfy itself whether the claimant, in fact, comes within the benefit of that exception. In our judgment the whole purpose of the section, as far as the exception in favor of absent claimants is concerned, is to give them simply an additional time beyond ordinary claimants to permit the presentation of claims which otherwise would be barred if the court in the probate proceeding in which application for permission to do so is made is satisfied it should be granted. Such claimants were not intended to be given any other or greater rights than ordinary claimants and should stand upon no different footing as to actions brought to establish claims, the right to present which as coming within the exception, is denied, than should such ordinary claimants. If permission to present the claim is given and it is thereafter allowed by the executor or administrator and approved by the court in probate, it stands as other allowed claims, a legal charge against the estate. If permission to present it against the estate is denied, that is equivalent to a rejection of the claim and it then is in the same position as any other rejected claim and must be established by an action at law in which the claimant must affirmatively establish all matters which it was essential for him to make proof of in the first instance to the judge or court to whom application was made to be permitted to present it against the estate. It is true that under the exception to section 1493 all that it relates to is the right to present a claim. The claim, if permission is granted to present it, is still to be presented to the executor or administrator and to the judge for allowance and ap-

proval. But we do not see that this affects 'the principle. If the permission is refused, this is the equivalent to a rejection of the claim. There is no provision in the law for any review of the action of the court respecting it except in an action brought on it as a rejected claim. In such action we think, as we have stated, that in the matter of supporting or defeating its validity, it is subject to the same rules as apply to other rejected claims.

Within this view the fact of whether the appellant was absent from the state when the publication of notice to creditors was made was properly a matter at issue in this action to establish the claim. All evidence which bore on that issue was relevant for consideration and was not to be confined to a consideration solely of the affidavit of the claimant presented when it applied for permission to present its claim against the estate. The judgment was based, as we have said, upon a finding that the right of the appellant to present its claim was barred by section 1493; that is, that the appellant did not bring itself within the exception contained in that section because the evidence showed that it was not out of the state at the time of the publication of notice to creditors. There can be no question but that the evidence sustains this finding. The appellant sought to bring itself within the exception of the section because it was organized as an Arizona corporation with its principal place of business within that state. While this statement is true it further appears, however, that long prior to and during the entire time that the notice to creditors was being published all the property of the corporation was within this state, all of its officers and agents were here, all of its business, and really the only business it transacted, was transacted in this state, and all the meetings of the board of directors were held in this state. It is quite apparent, too, from the evidence, though the articles of incorporation were not introduced in evidence, that while the corporation was organized in Arizona it was so organized for the purpose of carrying on business in the state of California, which it did. While the residence of a corporation is within the state of its creation, it must, of course, be conceded that where comity of the laws of another state will permit of its doing so, it may operate entirely in such other state and there exercise all its franchise and functions. This is what this corporation was permitted to do under the

laws of this state and which it actually did and was doing when the publication of notice to creditors was running. All its officers and managing agents were residents of the state and its active operations as a corporation were conducted exclusively in this state. In fact, as to this appellant corporation it is the only place where it had any active existence. When such foreign corporation accepts the privilege tendered it under our laws of doing business in this state and prosecutes that business here through its resident managing agent, it submits itself to the laws of this state, the jurisdiction of its courts, and is subject to the control and effect of its process. This is true as to process issued in suits instituted against such corporation in this state (Code Civ. Proc., sec. 411), and it is equally true as to process generally. The publication of notice to creditors is statutory process and when it has been given in compliance with the statute, as the proceeding under which it is given is one *in rem,* it is binding upon all the world except as to those who may be entitled to the benefit of the exception under section 1493. (*McGowan v. Jones,* 142 Cal. 593, [76 Pac. 503].) This benefit is, however, only available to one who is out of the state during the time limit fixed in the notice to creditors. But a foreign corporation operating here under the circumstances disclosed as to the operation of this appellant is not out of the state but within it while such time limit for the presentation of claims is running. Hence, the benefit of the exception was not available to it and its claim was barred by failure to present it within the time limit prescribed. In support of our conclusion that the appellant, though a foreign corporation, was, by reason of the facts recited, within the state, and as embracing a more extended consideration of the subject, we cite. *Lawrence* v. *Ballou,* 50 Cal. 258; *Harrigan* v. *Home Life Ins. Co.,* 128 Cal. 531, [58 Pac. 180, 61 Pac. 99]; *Thomas* v. *Wentworth Hotel Co.,* 158 Cal. 281, [139 Am. St. Rep. 120, 110 Pac. 942]; *Pinney* v. *Nelson,* 183 U. S. 144, [46 L. Ed. 125, 22 Sup. Ct. Rep. 52]; *Turcotte* v. *Yazoo R. R. Co.,* 101 Tenn. 102, [70 Am. St. Rep. 661, 40 L. R. A. 768, 45 S. W. 1067].

Appellant challenges two other findings of the court made in disposing of this second cause of action and further claims that certain other issues were not found upon by the court. While it appears that the only material issue in said second cause of action was with reference to the claim filed by appel-

lant against the estate, still in drafting its pleadings respecting it appellant incorporated by reference thereto certain allegations contained in the first cause of action, upon some of which the court made findings; as to others, it claimed it did not. We do not think the points made respecting the findings or want of findings have any merit. The controlling issue in the second cause of action was as we have said respecting the claim of appellant; the right to have it established as a claim against the estate. The finding of the court that the right of appellant to do so was barred by the statute disposed entirely of this second cause of action and rendered it immaterial to find upon any other issues presented by the pleadings. (*Buell* v. *Brown*, 131 Cal. 158, [63 Pac. 167]; *Fogg* v. *Ferris Irr. Dist.*, 154 Cal. 219, [97 Pac. 316]). This rule would have applied to the issues upon which the court did make the findings complained of, if it had failed to do so, as they were immaterial in view of the finding that the right to present its claim was barred. But as the court did make them and appellant challenges their sufficiency under the evidence we have examined them and are satisfied that the objections of appellant are groundless.

When the case was called for trial, plaintiff applied to the court for leave to file an amended and supplemental complaint making Lucie M. Lambourn individually a party defendant therein, and showing that the entire assets of the estate, except five dollars, amounting to upwards of two hundred and twenty-five thousand dollars, were under the terms of the will of deceased distributed to her. The application was denied, and the ruling is assigned as error. Section 1115 of the Civil Code provides: "Lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who has made any covenant or agreement in reference to the title of, in, or to any real property, are answerable upon such covenant or agreement to the extent of the land descended or devised to them, in the cases and in the manner prescribed by law." Conceding, as claimed by appellant, that under this section Mrs. Lambourn as devisee took the land devised to her subject to the payment of any loss suffered by plaintiff as a result of a breach of the covenant made by her deceased mother, nevertheless, the joinder of a cause of action based thereon with that set forth in the complaint is not authorized by section 427 of the Code

of Civil Procedure. Moreover, there would be a misjoinder of parties defendant by reason of the absence of unity of interest in the parties. The executrix as such could have no interest in the result of the suit.

The judgment and order appealed from are affirmed.

Melvin, J., Shaw, J., and Henshaw, J., concurred.

ANGELLOTTI, C. J., concurring:—I concur in the judgment, and also in the opinion of Mr. Justice Lorigan except those portions thereof relating to the claim of appellant under section 1493 of the Code of Civil Procedure. As to these portions of the opinion, I concur in the views expressed by Presiding Justice Conrey of the appellate court when this case was in that court, that the affidavits accompanying the claim of appellant against the estate of the deceased were not such as to require the judge in probate to permit the presentation of the claim after the expiration of the period fixed by law for the presentation of claims, and also in what he says as follows:

"Under section 1493 of the Code of Civil Procedure, a claim should not be presented after the expiration of the time otherwise fixed by statute, unless the fact that the claimant had no notice by reason of being out of the state 'is *made to appear* by the affidavit of the claimant to the satisfaction of the court or a judge thereof.' The mere declaration of the officers of a nonresident corporation that the corporation has been organized and exists by virtue of the laws of another state or territory, where it has its office and principal place of business, is not alone sufficient to exempt it from the ordinary rule applying to the published notice to creditors. Notwithstanding the foreign creation and foreign residence of the corporation, it may be that it is transacting business in California and has in this state the offices, officers and agents sufficient to cause it to be bound by an ordinary notice to creditors. The further declaration by those officers in their affidavits that the corporation had no notice or knowledge of the publication of notice to creditors, and that by reason of the fact of the corporation's absence from the state and residence in Arizona, it had no knowledge or notice of the publication of notice to file claims against the estate, amounts to nothing more as a statement of facts than a statement that

the corporation and its officers did not actually know that such notice had been published. All the rest of the statement is mere assertion that by reason of its nonresidence, etc., the corporation was without notice. This is a mere conclusion that the corporation was without notice; a conclusion not warranted in law, if in fact the corporation was transacting business in this state and had officers here capable of receiving service of process upon the corporation."

It follows that the judge in probate might reasonably hold that the matters stated in section 1493 of the Code of Civil Procedure, were not shown to "his satisfaction" by the affidavits, and refuse to allow the claim to be presented after the expiration of the period fixed by the statute. This being so, it is unnecessary to express any opinion on the questions whether the refusal of the judge to allow a claim to be presented after the time limited may be reviewed on appeal, or whether such refusal may properly be regarded as a rejection of the claim.

Sloss, J., concurred.

Rehearing denied.