[Civ. No. 6468. Second Appellate District, Division One.—March 13, 1931.]

LIBBY, McNEILL & LIBBY (a Corporation), Respondent, v. MARCEL CAFE (a Corporation) et al., Defendants; BENJAMIN FINK, Appellant.

Henry O. Wackerbarth for Appellant.

Gibson, Dunn & Crutcher, Norman S. Sterry, T. L. Smart and Keith Bullitt for Respondent.

HOUSER, J.—Benjamin Fink has appealed to this court from a judgment which was rendered against him in the lower court in an action which here may be considered as having been brought for the sole purpose of recovering a judgment against each of several named defendants on account of his liability as a stockholder in a corporation.

Regarding the liability of defendant Fink as such stockholder, the complaint in the action contained the following averment:

"That during the times herein mentioned there were *issued* and *outstanding* six hundred seventy (670) shares of the capital stock of said Marcel Cafe and no more and that the defendant A. E. Brandstatter was on said dates the owner of three hundred (300) shares thereof and that the defendant Benjamin Fink was the owner of three hundred sixty shares (360) shares thereof."

The point presented by appellant as suggesting a sufficient reason for a reversal of the judgment is that the complaint failed to state a cause of action and that the evidence was insufficient to support the judgment.

■ From an examination of the record herein it appears that the evidence adduced on the trial of the action clearly established the facts pleaded as hereinbefore set forth, excepting only as to the exact number of shares of stock actually owned by said defendant Fink; and as to which latter fact, the judgment, as rendered, was amply supported by the evidence.

■ With reference to the point that the complaint failed to state a cause of action, specifically, it is contended by appellant that the allegation contained in the complaint that "there were *issued* and *outstanding* 670 shares of the capital stock of said Marcel Cafe and no more", is insufficient as an allegation as to the number of shares of said corporation which were *subscribed*. Authorities cited by appellant in support of his contention are to the effect that in an action of the character of that here involved, the complaint must contain an allegation as to the number of shares of stock of the corporation which had been subscribed at the time the debt for which the stockholder is sued was incurred; and that "the averment that a certain number of shares were *issued* is not the equivalent of stating that only that number of shares were *subscribed*". (*Bidwell* v. *Babcock*, 87 Cal. 29 [25 Pac. 752]; *Roebling's Sons Co.* v. *Butler*, 112 Cal. 677 [45 Pac. 6]; *San Francisco Commercial Agency* v. *Miller*, 4 Cal. App. 291 [87 Pac. 630].)

Not to the contrary of the foregoing authorities, but more directly in point on the question at issue, is the case of *Thomas* v. *Wentworth Hotel Co.*, 158 Cal. 275, 277, 278

[139 Am. St. Rep. 120, 110 Pac. 942]. It is there held (syllabus) :

"In an averment that at the time the indebtedness was incurred, 'the total number of shares of the capital stock of the said defendant . . . then outstanding was thirty-five hundred', though the word 'outstanding' is not the exact equivalent of 'subscribed', and its use in the pleading is not to be commended, yet it is evident that the pleader was endeavoring to set forth the amount of the total subscribed stock, and that the form of the averment is merely imperfect or ambiguous. In the absence of any demurrer, general or special, the pleading should be treated, after trial and judgment, as a case of defective pleading, which may be waived, and not as an entire omission to plead a material fact, which is fatal."

See, also, *Knowles* v. *Sandercock,* 107 Cal. 629 [40 Pac. 1047].

From such authorities, it becomes apparent in the instant case that the pleading to which exception is taken by appellant was sufficient.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.