(March 19, 1919.)

JOHN J. BLAKE, Respondent, v. HERBERT LEMP, as
Executor of the Last Will of JOHN LEMP, Deceased,
Appellant.

[179 Pac. 737.]

ESTATES OF DECEASED PERSONS—CONTINGENT CLAIMS—EXECUTORS AND
ADMINISTRATORS—POWERS AND DUTIES.

1. All claims against the estates of deceased persons arising upon
contracts, whether the same be due, not due or contingent, must be
presented within the time limited in the notice to creditors, and any
claim not so presented is barred.

2. The refusal of an executor to make a deed purporting to con-
vey land pursuant to a contract between his testator, as grantor, and
a grantee therein named, does not create a right of action against
the estate in favor of the grantee for money paid by the latter on
the purchase price of the property.

[As to powers of executors and administrators in general, see note
in 78 Am. St. 171.]

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action to recover money paid on contract for purchase of
real estate. Judgment for plaintiff. *Reversed.*

Alfred A. Fraser, for Appellant.

The claims of the plaintiffs herein were not presented to
the executor nor filed as claims against the estate until long
after the time provided by law for the filing of the claims of
creditors had elapsed. (Sec. 5463, Rev. Codes; *Verdier v.
Roach,* 96 Cal. 467, 31 Pac. 554; *Barto v. Stewart,* 21 Wash.
605, 59 Pac. 480; *Tropico Land & Improvement Co. v. Lam-
bourn,* 170 Cal. 33, 148 Pac. 206; *Morrow v. Barker,* 119 Cal.
65, 51 Pac. 12; *Twitchell v. Nelson,* 126 Minn. 423, 148 N. W.
451, 601.)

The plaintiffs in these actions did not pursue the proper remedy for the enforcement of their rights. Instead of making a demand upon the executor that he execute to them a warranty deed, an act which in law he could not legally perform, they should have followed the method provided by law in such cases. (Secs. 5565–5569, Rev. Codes; *Luco v. De Toro,* 91 Cal. 405, 18 Pac. 866, 27 Pac. 1082; *In re Garnier's Estate,* 147 Cal. 457, 82 Pac. 68.)

The executor in this case was not authorized to execute a warranty deed. (*Miller & Lux v. Gray,* 136 Cal. 261, 68 Pac. 770.)

Frawley & Koelsch and N. Eugene Brasie, for Respondent.

The most reasonable and equitable construction that could be placed upon sec. 5463, Rev. Codes, would be to hold that the contingent claim referred to in said section means one that becomes absolute, that is, a liability becomes absolute, within the time limited for the presentation of claims. (*Hantzch v. Massolt,* 61 Minn. 361, 63 N. W. 1069.)

The breach of contract occurred at the time of the tender by the respondents to the executor and his refusal to procure a deed for them. And as this occurred long after the time had expired for the presentation of claims, the claims were not such as would be required to be presented to the executor for allowance during the period that creditors were allowed to present claims. (*Jorgenson v. Larson,* 85 Minn. 134, 88 N. W. 439.)

MORGAN, C. J.—On February 6, 1911, a written contract was entered into whereby John Lemp, in consideration of $1,600 to be paid to him by respondent, agreed to convey to the latter certain lots in Boise City. The purchase price was payable in instalments, the last of which became due, according to the terms of the contract, on February 6, 1913.

On July 18, 1912, Lemp died, testate, and appellant became executor of his will. On September 26, 1912, the mayor of Boise City commenced an action based upon the claim that the city was the owner of certain lands claimed by appellant

to belong to the Lemp estate. At that time, and until after this action was commenced, it was believed by appellant and respondent that the lots described in the contract of purchase were a part of the tract claimed by the city. It was discovered prior to the trial of this case, and appears in the record, that the claim of the city did not include the lots in question.

On November 3, 1913, respondent offered to pay the amount of money due upon his contract of purchase and demanded that the executor convey to him, by good and sufficient warranty deed, fee-simple title to the lots, which appellant failed to do.

Thereafter respondent presented a claim against the estate for $747.14, made up of the instalments he had paid upon the purchase price of the lots and of sums of money expended by him in payment of special assessments and taxes against the property. The claim was presented on January 26, 1914, and was disallowed. The time for presentation of claims provided for in C. L., sec. 5463, is shown by the record to have expired on June 4, 1913.

This action was commenced by respondent to recover the amount demanded by him and resulted in a judgment in his favor, from which this appeal is prosecuted.

If respondent's claim for the return of money paid out by him pursuant to his contract had been otherwise valid, it would be barred by C. L., sec. 5463, which provides: "All claims arising upon contracts, whether the same be due, not due or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever. . . . . " (*Verdier v. Roach*, 96 Cal. 467, 31 Pac. 554; *Barto v. Stewart*, 21 Wash. 605, 59 Pac. 480; *Tropico Land & I. Co. v. Lambourn*, 170 Cal. 33, 148 Pac. 206; *Maddock v. Russell*, 109 Cal. 417, 42 Pac. 139.)

This claim never was valid. It is based upon the theory that appellant's failure to convey title amounted to a repudiation of the testator's contract and entitled respondent to the return of the money. This is erroneous. C. L., chap. 338, provides for the conveyance of real estate in the performance

of such a contract as respondent had with John Lemp and sec. 5565 is as follows: "When a person who is bound by contract in writing to convey any real estate, dies before making the conveyance, where such decedent, if living, might be compelled to make such conveyance, the probate court may make a decree authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto." Sec. 5571 provides: "Every conveyance made in pursuance of a decree of the probate court, as provided in this chapter, shall pass the title to the estate contracted for as fully as if the contracting party himself was still living and executed the conveyance."

There is no provision of the statute which authorizes an executor to make a deed in the absence of an order of the probate court directing him to do so. Nothing appellant could have done would have prevented title being passed to respondent had the probate court, upon proper showing, so decreed. No claim for money against the estate arose out of the action of the executor in failing and refusing to make the deed. (*Luco v. De Toro*, 91 Cal. 405, 18 Pac. 866, 27 Pac. 1082; *In re Garnier's Estate*, 147 Cal. 457, 82 Pac. 68; *Sterrett v. Barker*, 119 Cal. 492, 51 Pac. 695; 18 Cyc. 316.)

The judgment is reversed. Costs are awarded to appellant.

Rice, J., concurs.

Budge, J., concurs in the conclusion reached.