(March 19, 1919.)

## MAURICE H. LUNDY, Respondent, v. HERBERT LEMP, Executor of the Last Will of JOHN LEMP, Deceased, Appellant.

[179 Pac. 738.]

ESTATES OF DECEASED PERSONS—CLAIMS—TIME FOR PRESENTATION.

Claims against estates of deceased persons, arising upon contracts, which are not presented to the executor or administrator within the time limited in the notice required by law to be given to creditors are barred and no action can be maintained thereon.

[As to effect of statute of limitations against estates of deceased persons, see note in 130 Am. St. 324.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action to recover money paid on contract for purchase of real estate. Judgment for plaintiff. *Reversed.*

Alfred A. Fraser, for Appellant, cites authorities in *Blake v. Lemp, ante,* p. 158.

Frawley & Koelsch, for Respondent.

What kind of a verified claim could respondent have presented to the executor of the Lemp estate during the time prescribed for presentation of claims? For money? The estate was not obligated to pay money; it was bound to make conveyance of the real property upon fulfilment of the contract on the part of respondent. There was no contingent claim such as is contemplated by sec. 5463, Rev. Codes, and hence the facts of this case do not bring it within the principles of law enunciated in the cases cited by appellant. (*Hantzch v. Massolt,* 61 Minn. 361, 63 N. W. 1069; *Riggin v. Maguire,* 15 Wall. (U. S.) 549, 21 L. Ed. 232, see, also, Rose's U. S. Notes.)

MORGAN, C. J.—The following facts, among others, are disclosed by the pleadings, were stipulated by the parties to be true, and were used by the trial judge, in lieu of evidence, as a basis for the judgment from which this appeal is prosecuted.

On March 25, 1911, respondent and John Lemp entered into a contract whereby the latter agreed to convey to the former certain lots in the Lemp Triangle Addition to Boise City in consideration of $1,700, payable in instalments, the last of which was to be due on March 25, 1914. Respondent paid upon the contract, in principal, interest, taxes and assessments, $1,121.20. The lots in question are a portion of a tract which was claimed by Boise City and the mayor commenced an action on or about September 25, 1912, to quiet title to it on behalf of the city. About September 25, 1913, respondent tendered to appellant an instalment due on the contract, which was refused by the latter and the former was informed that no further payments would be received until the termination of the suit, then pending, involving the ownership of the land.

It is alleged in the complaint, and the allegation is stipulated to be true, "that at no time since the execution of the contract for the purchase of said lots was the said John Lemp in position to convey the marketable, or any title to said lots, or either of them, nor has Herbert Lemp, executor of the said will of said John Lemp, deceased, been at any time in a position to convey a marketable or any other title to the said lots to plaintiff."

John Lemp died, testate, on July 18, 1912, and appellant was made executor of his will. There is no allegation in the complaint that respondent ever presented a claim against the estate, but it is alleged in the answer, and stipulated to be true, that notice to creditors was given and published, and that "on June 4, 1913, the time expired for the presentation of all claims against said estate of John Lemp, deceased, and that the claim of this plaintiff was not presented until long after said time had expired."

From the stipulated facts it appears that the claim sued on is one against the estate arising upon contract, and by the provision of C. L., sec. 5463, any such claim not presented within the time limited in the notice required by C. L., secs. 5460 and 5461, to be given to creditors is forever barred. (*Blake v. Lemp, ante,* p. 158, 179 Pac. 737.) This means that after the expiration of the time limited in the notice such a claim as the one here sued upon cannot legally be presented; that its presentation thereafter is a nullity and can be given no legal effect.

C. L., sec. 5470, provides: "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator. . . . . " This section contemplates and requires the presentation of a claim within the time prescribed by law. This claim not having been so presented, the action cannot be maintained. (*Morse v. Steele,* 149 Cal. 303, 86 Pac. 693.)

The judgment appealed from is reversed. Costs awarded to appellant.

Rice, J., concurs.

Budge, J., concurs in the conclusion reached.