(No. 6307.   May 23, 1936.)

JOHN E. SHAW, Administrator of the Estate of CARL E. HIATT, deceased, Plaintiff, v. ISAAC McDOUGALL, District Judge, Presiding in the District Court of the Ninth Judicial District, in and for Teton County, Defendant.

[58 Pac. (2d) 463.]

698

Mary Smith and W. Lloyd Adams, for Plaintiff.

T. W. Smith and S. H. Atchley, for Defendant.

MORGAN, J.—This action was commenced in this court to procure a review of an order made by defendant denying plaintiff's motion to dismiss an appeal to the district court, taken on questions of both law and fact, by Wm. A. Strong, Charles McLachlan and Mrs. A. T. Jones, from a decree of the probate court of Teton County, made and entered on petition of Carl E. Hiatt, wherein it was adjudged and decreed that he and Mary E. Hiatt were married January 22, 1906; that thereafter, during their relationship as husband and wife and while living together as such, they acquired real estate and personal property in Teton County, in the decree described; that it was their community property at the time of her death; that she died intestate August 10, 1934; that she

was, at that time, a resident of Teton County and that the property described in the decree, and the whole thereof, be, and it was, decreed and distributed to Carl E. Hiatt. After entry of the decree and before appeal therefrom Hiatt died, and plaintiff was appointed administrator of his estate. A writ of review was issued and a transcript of the proceedings in the probate and district courts was filed in response thereto, and the matter is now before us for decision of the question as to whether the district judge has jurisdiction to hear the appeal.

In the application for writ of review the case is entitled "In the Matter of the Estate and Community Property of Mary E. Hiatt, Deceased, and Carl E. Hiatt, her surviving husband." This is a special proceeding, governed by I. C. A., Title 13, sec. 13–101 of which is as follows: "The party prosecuting a special proceeding may be known as the plaintiff, and the adverse party as the defendant." The title has been changed to conform to the direction contained in the statute. (*Epperson v. Howell*, 28 Ida. 338, 154 Pac. 621, and cases therein cited.)

Upon the death of either husband or wife without having made testamentary disposition of his or her half of the community property it shall go to the survivor, subject to community debts, family allowance and charges and expenses of administration. If the wife dies intestate prior to the death of the husband no administration upon the community property is necessary. (I. C. A., sec. 14–113) except as provided for in sec. 14–114, as follows: " . . . . Upon the death of the wife intestate leaving community property, the surviving husband . . . . shall file a verified petition in the probate court, setting out the marriage, acquiring of property during coverture, a showing that it was community property, and the death of the wife intestate." That section requires the probate judge to make an order directing all persons interested to appear before him at a time and place specified, to show cause why the petition should not be granted, and the clerk to post notices, not less than seven days before the hearing, in at least three public places in the county, setting forth the time and place when and where the matter will be

heard, and the nature of the petition. It further provides: "If upon such hearing, or at such time or times to which such hearing may be postponed, it shall appear that the parties were duly married, that the property was acquired during coverture, that the same was community property, and that the wife died intestate, the probate judge shall make a decree to that effect, and thereupon a certified copy of such decree shall be recorded, and thereafter shall have the same effect as a final decree of distribution so recorded."

All statutory requirements looking to the making and entry of the decree in the probate court appear to have been fully conformed to.

Neither appellant named in the notice of appeal to the district court appeared in the probate court, and there is nothing in the record to disclose what interest, if any, either of them had in the estate of Mary E. Hiatt, deceased, unless it may be inferred from the notice of appeal, wherein it is recited "that Wm. A. Strong, the duly appointed, acting and qualified administrator of the estate of Mary E. Hiatt, deceased, and Charles McLachlan and Mrs. A. T. Jones, heirs of said Mary E. Hiatt, deceased, by and through their attorneys hereby appeal," etc.

Article 5, sec. 20 of the constitution is as follows: "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." Jurisdiction of appeals from the probate court to the district court is conferred by I. C. A., sec. 11–401, which provides:

"An appeal may be taken to the district court of the county from a judgment, or order of the probate court in probate matters: . . . .

"7. Refusing, allowing or directing the distribution or partition of an estate, or any part thereof, or the payment of a debt, claim, legacy or distributive share. . . . . "

Had anyone appeared in the probate court, in the proceeding commenced by Hiatt's petition, and contested the same, or sought to establish contestant's status as administrator of the estate of Mary E. Hiatt, or as her heir, or otherwise entitled to be heard with respect to the allegations contained in

the petition, there would be no doubt as to the jurisdiction of the district court to hear his appeal from the order granting it.

The question narrows itself to this: May a party claiming to have an interest in the estate of a deceased person present that claim and establish his status as such claimant, in the first instance, on appeal to the district court from a decree of the probate court distributing the estate?

Article 5, sec. 21 of the constitution confers jurisdiction on probate courts in probate matters in the following language:

"The probate courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment of guardians; . . . . "

In *Estate of McVay*, (on rehearing) 14 Ida. 64, 93 Pac. 31, this court said:

"An examination of secs. 20 and 21, art. 5, of the constitution, discloses at once the fact that the framers of that instrument saw fit to classify 'matters of probate, settlement of estates of deceased persons and appointment of guardians' as separate, distinct and aside from 'cases at law and in equity,' over which they gave the district court 'original jurisdiction.' . . . . By sec. 21, the probate courts are given the sole and exclusive 'original jurisdiction' in all matters of probate. . . . . Under sec. 20, art. 5 of the constitution, the legislature is the sole and exclusive judge as to the extent and scope of the 'appellate jurisdiction' that they will confer upon district courts. In other words, they may limit it to any case or class of cases, or subject matter they may see fit, or they may not grant any at all; but it was never intended by this or any other provision of the constitution that the legislature could circumvent the clearest provisions and intent of that instrument, by giving to the district court, under the guise of the right to try appeals, what amounts to an original jurisdiction to hear and determine matters of probate and settlement of estates of deceased persons."

See, also, *Short v. Thompson, ante,* p. 361, 55 Pac. (2d) 163.

■■ The appeal having been taken on questions of both law and fact, if it is to be tried in the district court, the trial must be *de novo.* In the McVay case the court said, quoting from *Paul v. Armstrong,* 1 Nev. 82, 96, with respect to trial *de novo:* ''That is, as I understand it, in the same manner, with the same effect, and upon the issues tried in the court below.'' Our court then quoted from the Texas Court of Appeals in *Ex parte Morales,* (Crim. App.) 53 S. W. 107, ''that a trial '*de novo*' on appeal requires 'that appeals be tried upon the original papers, and upon the same issues had below.' '' In the McVay case it is further said:

''If the appeal be taken upon questions of both law and fact, then the district court proceeds to try, first, the questions of law, and if the cause is reversed on questions of law, the questions of fact are not tried. If, however, the cause is not reversed on questions of law, then the same questions of fact as were tried in the probate court will be retried in the district court as other trials in said court are conducted. Witnesses may be called and may testify the same as in the trial of any other cause. In other words, this statute, under the constitution, grants to the district court appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court. Whatever judgment may be entered in the district court is to be certified back to the probate court for execution in accordance therewith.''

Strong, McLachlan and Mrs. Jones were strangers to the record in the probate court and do not appear to have had any interest in the subject-matter of the petition, nor in the decree disposing of the community property of Mary E. Hiatt and her surviving husband. If they had objections to the petition of Carl E. Hiatt and desired to contest it and to establish their statuses as contestants, it was incumbent on them to present their claims and objections, in the first instance, to the probate court. (2 R. C. L., p. 52, secs. 33 and 34.) The district court is without jurisdiction, on appeal in probate matters, to frame and decide issues not presented to the probate court.

A writ will issue prohibiting the defendant herein from further proceeding with the appeal, other than to dismiss it. No costs awarded.

Givens, C. J., and Budge, Holden and Ailshie, JJ., concur.