(No. 6354. March 30, 1937.)

PENN MUTUAL LIFE INSURANCE COMPANY, a Corporation, Appellant, v. IVA A. BEAUCHAMP, Administratrix of the Estate of DAVID C. SECHLER, Also Known as D. C. SECHLER, Deceased, Respondent.

[66 Pac. (2d) 1020.]

Chapman & Chapman for Appellant.

Turner K. Hackman and Rayborn & Rayborn for Respondent.

MORGAN, C. J.—This case was submitted to the district court on stipulated facts from which it appears that David C. Sechler and A. M. Sechler, his wife, December 4, 1920, executed and delivered to Groves Brothers Real Estate and Mortgage Company, a real estate mortgage coupon bond for the principal sum of $6,000, together with interest at 6 per cent per annum and, to secure its payment, executed and delivered to said company deeds of trust by which they mortgaged to it two tracts of land in Missouri; that January 3, 1931, they executed and delivered to John G. Groves, trustee for said company, a real estate mortgage extension agreement and a loan extension agreement; that thereafter the company, for a valuable consideration, assigned and transferred the bond to appellant herein and it is the owner and holder thereof; that default was made in payment of the bond and extension agreements and, pursuant to the terms of the deeds of trust and the laws of Missouri, the property in said deeds described was advertised and, October 20, 1933, was sold for $4,400; that after deducting certain payments, which had been made on the bond, and the net sum derived from the sale of the property there remained unpaid, of said indebtedness, $1,776.20.

The stipulation further shows Sechler died and that he was, during several years prior to his death, a resident of Twin Falls county, Idaho; that respondent is the duly appointed, qualified and acting administratrix of his estate; that for at least one year prior to Sechler's death, and at all times thereafter, appellant had complied with the laws of Idaho concerning foreign corporations doing business in this state, by filing its articles of incorporation and designating, and maintaining, an agent therein upon whom process might be served; that August 18, 1932, pursuant to order of the probate court of Twin Falls county, wherein the estate of

Sechler was being probated, respondent, as administratrix, caused to be published a notice requiring all creditors of the estate to present their claims to said administratrix within six months from the date of first publication thereof; that more than six months elapsed after said first publication before appellant's claim, hereafter mentioned, was presented; that May 31, 1933, appellant caused to be submitted to the probate judge its application for permission to present its claim against the estate of Sechler, deceased, which application was supported by the affidavit of its then attorney (who does not represent it here) wherein it is stated that appellant is a foreign corporation, having no office or place of business in Idaho; that it had no knowledge or notice of the death of Sechler until after January 4, 1933, and no notice of the proceedings for the administration of his estate, nor of the publication of notice to creditors thereof, by reason of being out of the state; that the time for presentation of claims in said estate had elapsed, and that the affidavit was made pursuant to I. C. A., sec. 15–604, for the presentation of said claim before a decree of distribution was entered.

The section of our statute referred to in the affidavit provides:

"All claims arising upon contracts, whether the same be due, not due or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court or a judge thereof, that the claimant had no notice as provided in this chapter by reason of being out of the state, it may be presented at any time before a decree of distribution is entered."

On the day the application was filed the probate judge made the following order:

"It appearing to the satisfaction of the court in the above entitled action that The Penn Mutual Life Insurance Company, a foreign corporation, and Groves Brothers Real Estate and Mortgage Company, a foreign corporation, had no notice as provided in Chapter 6, Title 14, I. C. A., by reason of being out of the state, it is hereby ORDERED that said The Penn Mutual Life Insurance Company, a foreign

corporation, and Groves Brothers Real Estate and Mortgage Company, a foreign corporation, are granted permission to file claims against said above-entitled estate with the administrator thereof.''

The claim was presented to the administratrix and was disallowed, and this action was commenced to establish it as a claim against the estate. The cause was submitted to the judge, without a jury, on the facts stipulated. Judgment was for defendant for costs and that plaintiff recover nothing. This appeal is from the judgment.

 Appellant's counsel ably argue that probate courts, in Idaho, are courts of record and, in matters of probate, settlement of estates of deceased persons and appointment of guardians, their judgments are not subject to collateral attack, but the same verity attaches to them as to those of other courts of record. They rely on art. 5, sec. 21, of our constitution and on a long line of Idaho cases, beginning with *Clark v. Rossier,* 10 Ida. 348, 78 Pac. 358, 3 Ann. Cas. 231, and ending with *Short v. Thompson,* 56 Ida. 361, 55 Pac. (2d) 163. Undoubtedly their contention in this respect is sound.

 The difficulty with appellant's position is that the probate court did not, by its order, assume to do more than grant permission to file the claim against the estate of Sechler, deceased, after the time fixed in the notice had expired. It is true it is recited, by way of preamble to the order, and as a basis for granting the permission, that it appeared to the satisfaction of the court, appellant had not, by reason of being out of the state, had notice of the place where and the time within which it might present its claim. The order was made on appellant's *ex parte* application, and the statute makes no provision that notice of it be given to the administrator or anyone else. The statute does not authorize the granting of more relief than permission to present the claim after the expiration of the time limited in the notice to creditors. It does not contemplate a final adjudication, on such application, of the question of whether or not the claim is barred by the statute of limitations.

The first portion of section 15–604 is a statute of limitations, clearly intended to bar the allowance and payment

of all claims not presented within the time expressed in the notice to creditors which, by section 15–602, is fixed at six months after the first publication thereof. The latter part of section 15–604 is a grant to creditors who have not had notice, by reason of being out of the state, of the right to present their claims, for allowance or rejection, at any time before decree of distribution is entered, and nothing more than that can be read into it.

To construe that section to mean such a creditor may, by making an *ex parte* application to the probate court, supported by his affidavit, defeat the statute of limitations and deprive the administrator and those financially interested in the estate of its benefits, would be to hold their rights may be adjudicated and they be so deprived of their property without opportunity to be heard. Such construction would render the statute violative of art. 1, sec. 13 of the constitution because it would deny them due process of law. "Due process of law requires that one be heard before his rights are adjudged." (*Mays v. District Court,* 34 Ida. 200, 207, 200 Pac. 115, 116; *Johnson v. Diefendorf,* 56 Ida. 620, 631, 57 Pac. (2d) 1068, 1072.)

California has a statute like our section 15–604, which its supreme court construed in *Tropico Land & Improvement Co. v. Lambourn,* 170 Cal. 33, 148 Pac. 206. Section 4 of the syllabus in that case is as follows:

"A claimant, to bring himself within the exception in Code Civ. Proc., Sec. 1493, providing that all claims must be presented within the time limited in the notice and any claim not so presented is barred, provided that when it is made to appear by the affidavit of the claimant that he had no notice by reason of being out of the state, the claim may be presented before decree of distribution is entered, must show, by affidavit, that by reason of being out of the state he had no notice of the publication of notice to creditors, but the proviso as to the showing by affidavit relates only to the method by which claimant must present a *prima facie* right to avail himself of the benefit of the proviso."

In *United States Gypsum Co. v. Shaffer,* 7 Cal. (2d) 454, 60 Pac. (2d) 998, 999, that court said, with that statute again under consideration:

"There is no merit in the plaintiff's contention that an order allowing an amended claim to be filed, which order has become final, is conclusive and binding on the parties in any action on such claim. In an action on a claim against an estate the executor or administrator is entitled to contest the validity of the claim. *Tropico Land, etc., Co., v. Lambourn*, 170 Cal. 33, 42–44, 148 Pac. 206."

When an application has been made by a creditor to present a claim against the estate of a decedent, after the expiration of the time limited in the notice for presentation of claims, supported by affidavit containing statements which, if true, justify the issuance of an order that such claim may be presented at any time before decree of distribution is entered, an order should be made permitting its presentation. If when presented it is rejected, an action may be commenced to establish the claim against the estate, and the executor or administrator may present any defense thereto he may have, including the statute of limitations contained in section 15–604.

In this case the stipulation shows appellant had, during all the times mentioned in the affidavit supporting its application for an order permitting the presentation of its claim, been authorized to transact business in Idaho, and had an agent in the state on whom process might be served. It occupied the same position, so far as the question now before us is concerned, as if it had been a domestic corporation. The published notice to creditors bound it to present its claim within the six months therein limited for such purpose and its failure so to do, within that time, invoked the limitation against it, prescribed in section 15–604. (*American Surety Co. v. Blake*, 45 Ida. 159, 261 Pac. 239.)

The judgment is affirmed. Costs are awarded to respondent.

Holden, Ailshie, Budge and Givens, JJ., concur.