(No. 6514. March 24, 1938.)

RUSSELL RUFUS CRAFT, Appellant, v. J. L. BALDER-STON, as Commissioner of Law Enforcement of the State of Idaho, Respondent.

[78 Pac. (2d) 122.]

J. F. Martin, Hamer H. Budge and Chapman & Chapman, for Appellant.

J. W. Taylor, Attorney General, and D. W. Thomas, Assistant Attorney General, for Respondent.

MORGAN, J.—■ This proceeding has been designated, in the district court and here, as follows: *"In the Matter of the Revocation of License of Doctor Russell Rufus Craft."* It was brought to the district court by application, in the form of an affidavit, by Dr. Craft, wherein he sought to have Emmitt Pfost, then commissioner of law enforcement of the state of Idaho, required to certify a transcript to the district court of all proceedings had before him, resulting in the cancellation of the doctor's license to practice medicine and surgery. The case in the district court should have been entitled "Russell Rufus Craft, Plaintiff, v. Emmitt Pfost, as Commissioner of Law Enforcement of the State of Idaho, Defendant." (I. C. A., sec. 13–101.) The title has been reformed to conform to the statute. (*Shaw v. McDougall,* 56 Ida. 697, 58 Pac. (2d) 463; *Epperson v. Howell,* 28 Ida. 338, 154 Pac. 621, and cases therein cited.) J. L. Balderston has become successor in office to Emmitt Pfost and has been substituted for him as a party litigant.

Dr. Russell Rufus Craft, hereafter called appellant, was, in the District Court of the United States, Northern District of California, Northern Division, charged in an indictment

containing twelve counts that he did, while a medical examiner for the United States Veterans' Bureau, unlawfully, wilfully, knowingly and feloniously, make and present, and cause to be presented to the chief medical officer of the United States Veterans' Bureau at San Francisco, California, for approval and payment, certain false, fictitious and fraudulent accounts and claims against the United States of America, with intent of cheating and defrauding the United States. To ten of these counts, he entered pleas of guilty and was, by the judge of the court, sentenced to imprisonment for a period of one year and one day on each of said counts, said terms of imprisonment to run concurrently.

Prior to, at the time of, and subsequent to his conviction, appellant was duly and regularly licensed to practice medicine and surgery in Idaho. A certified copy of his judgment of conviction having been received by the department of law enforcement, Emmitt Pfost, then its commissioner, caused notice to be served on appellant of the time and place, when and where, a hearing would be had, and ordered him to appear thereat in person or by attorney, and show cause, if any he·had, why his license should not be revoked because of his conviction of felony.

The record shows appellant appeared at the hearing, in person and by his attorneys; that oral and documentary evidence was introduced and that the commissioner of law enforcement made and entered an order that appellant's license to practice medicine and surgery in Idaho be, and it was, revoked.

Appellant applied to the district court for a writ of review, which was issued and served on the commissioner of law enforcement. Return thereon was made by him wherein he certified to the district court the record and proceedings had in his department in the matter of the revocation of appellant's license, including a complete transcript of said proceedings and of the evidence taken at the hearing of said matter. Upon review of the record the judge of the district court made and entered his judgment wherein the proceedings of the department of law enforcement were affirmed and adjudged legal and valid in all particulars, and said license

was adjudged to be without force and effect and void. This appeal is from the judgment, and the entire record, made in the department of law enforcement and in the district court, is before us.

Our statute relating to licensing physicians and surgeons is chapter 21 of title 53, Idaho Code Annotated, containing sec. 53-2107, which provides:

"Every license heretofore or hereafter issued under this chapter shall be subject to revocation or suspension by the department of law enforcement (hereinafter referred to as the department) upon any of the following grounds:

"1. Conviction of a felony in a state or federal court, or conviction of any crime involving moral turpitude. . . . . "

The assignments of error, to which our consideration of the case will be confined, are as follows:

"I.

"The Court erred in affirming the order of the Commissioner of Law Enforcement revoking the Appellant's license to practice medicine and surgery in the State of Idaho.

"II.

"For the purpose of argument only, conceding that this Commissioner of Law Enforcement had jurisdiction to act in this matter, under the facts in this case he abused his discretion in revoking instead of suspending the license of this appellant to practice medicine and the trial court erred in affirming the order of the Commissioner of Law Enforcement in this particular."

Appellant says in his brief:

"It is fundamental that the state cannot deprive a citizen of a property right such as the right to practice his profession unless it does so under the police power and in a valid exercise of that police power. That is, once the State of Idaho has conferred upon this appellant the right to practice his profession in this state, then the State of Idaho cannot take from this appellant the valuable property right which it has conferred unless it does so under the valid exercise of its police power. . . . . "

"We feel that this is the gist of the problem presented here and we feel that in order to revoke the license of this appel-

lant to practice his profession, it is incumbent upon the state to show conclusively that this appellant is not fit to be entrusted with the powers and duties of a practitioner of medicine and surgery. The state clearly has no right to revoke this license for any other reason.''

██ The right to practice a profession has been held in this state not a property right. It is said in *Re Edwards*, 45 Ida. 676, 693, 266 Pac. 665, 671:

''The right to practice law is not a property right (*Cohen v. Wright*, 22 Cal. 293), but is a privilege or franchise (6 C. J. 569, and cases cited.)''

However, the privilege to practice a profession is a valuable one which may only be revoked by the proper exercise of the police power.

Appellant argues he has been convicted of nothing the doing of which disqualifies him from the proper and successful practice of his profession of medicine and surgery. The statute (53–2107) makes conviction of a physician and surgeon of a felony, in a state or federal court, or conviction of any crime involving moral turpitude, ground for revoking or suspending his license. He contends that, to construe the statute to mean a license may be revoked because its possessor has been convicted of a crime, the commission of which does not involve moral turpitude, would render it unconstitutional. This contention is not available to appellant.

██ The crimes, of which he pleaded guilty, consisted of a series of false claims, certified by him to be true and just, which he made and used for the purpose of cheating and defrauding the government of the United States. They involved moral turpitude. These fraudulent claims grew out of his employment by the government to treat disabled veterans in his professional capacity. They were acts of dishonesty and, although a dishonest man may be skilled in the practice of the profession of medicine and surgery, to allow such as he to practice that honored profession would bring disgrace upon it and would expose the public to the misconduct of the criminally inclined. It is well within the police power of the state to prevent this and, by the enactment of sec. 53–2107, its prevention has been provided for.

Appellant contends his license should not have been revoked; that at most it should have been suspended. His conduct, as disclosed by this record, does not justify the contention.

The judgment appealed from is affirmed. Costs are awarded to respondent.

Holden, C. J., and Ailshie and Givens, JJ., concur.

Budge, J., deeming himself to be disqualified, did not sit with the court nor participate in the opinion.