312 P.2d 113 (1957)
Matter of the ESTATE of Henry LINCOLN, Deceased.
Gladys E. Lincoln GRAMM, Petitioner-Appellant,
v.
Elizabeth LINCOLN, Executrix of the Will of Henry Lincoln, deceased, Respondent.
No. 8517.
Supreme Court of Idaho.
May 31, 1957.
*114 Frank E. Chalfant, Boise, Joseph Shane, Los Angeles, Cal., for appellant.
Karl Paine, Boise, for respondent.
KEETON, Chief Justice.
Henry Lincoln died testate August 27, 1955, leaving his widow, Elizabeth Lincoln, respondent, executrix and sole devisee and legatee. His will was admitted to probate September 23, 1955. Time for presentation of claims against the estate expired January 29, 1956. Decree was entered that due and legal notice to creditors had been given. The executrix filed her final account and petition for distribution of the estate.
On or about February 9, 1956, subsequent to the expiration of the time for presentation of claims, but before the decree of distribution was entered, appellant, a former wife of deceased, filed a claim with Karl Paine of Boise, attorney for the estate, he being the person designated in the notice to creditors with whom claims should be filed. This claim was based on an agreement entered into between appellant and deceased, dated September 14, 1938, in which deceased agreed to pay said appellant the sum of $125 a month "during the rest of his natural life, payable on the 15th day of each and every month, beginning September 15, 1938." The creditor's claim and the testimony show that none of the payments was ever made.
After the time for presentation of claims had expired, but before the decree of distribution had been entered Karl Paine, attorney for the estate, wrote a letter to appellant's attorney Shane, acknowledged receipt of the claim, in substance rejected it, but did not furnish information asked for relative to securing an extension of time in which to file the claim.
The attorney representing appellant was advised, in response to an inquiry, by the probate judge by letter dated January 3, 1956, the name of the executrix and where claims should be filed, and a claim blank furnished.
Appellant filed no objections in the probate court to the first and final account or to the petition for distribution. Decree of final distribution and settlement of final account was made and recorded. Thereafter, on March 16, 1956, appellant filed a petition with the probate court to set aside the decree of distribution on the ground that her claim had never been presented to or passed on by the probate court, nor rejected by the executrix, and no notice of rejection had ever been given, and that it was falsely represented in the final account and petition that all the debts had been paid and discharged and that the estate was in a condition to be closed.
To this petition the executrix demurred on the ground that the facts alleged were insufficient to grant the relief prayed for and also moved to strike the petition on the ground that at the time the claim was presented the time for presenting claims had expired and no extension of time had been asked for or granted, and that no exceptions or objections were ever taken to the final account and petition for distribution as filed. Thereafter on April 5, 1956, appellant, in writing, asked for an extension of time for filing a creditor's claim on the ground that she was a nonresident of the state and had no actual notice, directly or indirectly, of the publication of notice to creditors. In her affidavit appellant states that she learned of the final burial services of deceased about December 17th and on December 29th contacted Joseph Shane, an attorney of Los Angeles, relative to the presentation of a creditor's claim against the deceased's estate.
On April 11, 1956, the probate judge sustained the demurrer to the petition and granted the motion to strike the same, and dismissed the matter with prejudice. On April 12, 1956, claimant filed notice of appeal to the district court "from the Decree of Settlement of Final Account * * * of the last will and testament of Henry Lincoln, deceased" and "from the Decree *115 Directing the Distribution made and entered the 17th day of February, 1956". No appeal was taken from the order denying the petition to vacate the decree of final distribution.
On appeal the matter was heard by the Honorable M. Oliver Koelsch, district judge, who found that the claim was not presented to the executrix within the time limited by the notice to creditors, that no exceptions or objections, either oral or in writing, were taken in the probate court to the first and final account or to the petition for final distribution; that the only appearance by appellant in the probate court was after the decree of final distribution had been made and entered; that the proceeding in the probate court in the matter was free of error, and was regular, legal and valid in all respects and affirmed the decree of the probate judge. Appeal was taken from the judgment to this Court.
Appellant assigns as error the alleged failure of the district judge to make findings of fact and conclusions of law; in rejecting the offer in evidence of appellant's claim; that the probate judge did not require high fiduciary standards of duty applicable to representatives administering estates of deceased persons; that the claim was not rejected in writing by the executrix in the manner provided by Sec. 15-607, I.C.; that the decree of distribution did not mention or refer to appellant's claim; that the decree of distribution should not have been entered and the final account approved without a report having been made by the executrix of appellant's claim; that the executrix was guilty of bad faith in that the claim should have been reported to the probate judge before the account was settled; that an extension of time should have been granted after the time for presentation of claims had expired to present the particular claim in question. Other assignments are covered in the ones above enumerated.
The material facts are not in dispute. Findings of fact and conclusions of law were entered in the district court. Further findings than those made were not required.
The attorney for the estate, Karl Paine, was not contacted relative to the claim until after the time for presentation of claims had expired.
Sec. 15-604, I.C., provides:
"All claims arising upon contracts, whether the same be due, not due or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever: provided, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court or a judge thereof, that the claimant had no notice as provided in this chapter by reason of being out of the state, it may be presented at any time before a decree of distribution is entered."
This section requires that claims against an estate be presented within the time and in the manner prescribed by law.
If an extension of time for filing claims is to be secured, an affidavit and showing "may be presented at any time before a decree of distribution is entered". Neither the affidavit mentioned in the section, nor claim was presented in this case within the time prescribed.
Probate courts are courts of record with original jurisdiction in all matters of probate and settlement of estates of deceased persons, Idaho Const. Art. V, Sec. 21, and their orders and judgments in regard to such matters cannot be collaterally attacked and can be reviewed only by proper motion in such courts or by appeal from their decisions. Clark v. Rossier, 10 Idaho 348, 78 P. 358; Shaw v. McDougall, 56 Idaho 697, 58 P.2d 463; Penn Mutual Life Insurance v. Beauchamp, 57 Idaho 530, 66 P.2d 1020.
A party claiming an interest in an estate of a deceased person cannot present his claim and establish his status as such claimant in the first instance on appeal to the district court from a decree of the probate court distributing the estate. In re Estate of McVay, 14 Idaho 64, 93 P. 31; Shaw v. McDougall, supra.
*116 In Lundy v. Lemp, 32 Idaho 162, 179 P. 738, it was held that claims against estates of deceased persons, arising upon contracts, which are not presented to the executor or administrator within the time limited in the notice required by law to be given to creditors are barred and no action can be maintained thereon. To the same effect see Blake v. Lemp, 32 Idaho 158, 179 P. 737; Morse v. Steele, 149 Cal. 303, 86 P. 693. For collection of authorities see 130 Am.St.Rep. 324, and 21 Am.Jur. 587, Sec. 365 and 589, Sec. 366.
Under the provisions of the statute (Sec. 15-604, I.C.) a non-resident creditor desiring to present a belated claim should apply for an order before the decree of distribution is entered. Penn Mutual Life Insurance v. Beauchamp, supra.
No issues were joined in the probate court contesting the final decree of distribution or the settlement of the final account and the district court only had jurisdiction to hear de novo issues framed, if any, in the probate court. Collins v. Lindsay, 33 Idaho 230, 191 P. 357; Sec. 17-206, I.C.; Shaw v. McDougall, supra.
It appears that appellant having failed to present her claim within the time limited in the notice to creditors, and having failed to apply for or secure an order extending the time before the decree of final distribution had been entered or make any objection to the said final account and the granting of the decree of distribution in the probate court, cannot for the first time in the district court or here, be heard on issues never presented before the probate court.
In appellant's brief she argues extensively that there was a fraud, either actual or constructive, committed. The fact of the matter is that she had approximately twenty-five days to present her claim after being furnished with a claims blank and other information requested, and the time for presentation of the claim and the time for application for an extension of time expired before any action was taken.
Appellant claims that facts which should have been disclosed to her were concealed by the executrix and because of this fact she suffered loss. We are unable to find from the record any such concealment, and the citations contained in appellant's brief applicable to actual or extrinsic fraud are not pertinent to the situation presented. Judgment is affirmed. Costs to respondent.
TAYLOR, SMITH and McQUADE, JJ., concur.
PORTER, J., dissents.