**Gladys E. Lincoln GRAMM, Appellant,**

v.

**Elizabeth LINCOLN, Executrix of the Last Will and Testament of Henry Lincoln, Deceased, Appellee.**

**No. 15801.**

United States Court of Appeals Ninth Circuit.

July 8, 1958.

Frank E. Chalfant, Sr., Raymond L. Givens, Boise, Idaho, for appellant.

Karl Paine, Joseph N. Leggat, Boise, Idaho, Leonard & Dole, Richard M. Leonard, Stuart R. Dole, San Francisco, Cal., for appellee.

Before ORR, POPE, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

The former wife of Henry Lincoln, deceased, brought this action against his widow, Elizabeth Lincoln, in her capacity as executrix of his estate. The original purpose of the action was to obtain specific performance of an agreement by Lincoln to pay alimony to plaintiff. In the alternative, the plaintiff, Gladys E. Lincoln Gramm, asked for judgment in the sum of $25,500 for unpaid alimony. Jurisdiction was based on diversity of citizenship. 28 U.S.C.A. § 1332.

Defendant moved for summary judgment. Plaintiff countered with a motion for leave to file an amended complaint in which Elizabeth Lincoln, "as an individual heir and legatee," would be named as an additional party defendant.

In the proposed amended complaint, the cause of action stated in the original complaint is set out as a first cause of action, but with a minor change in the form of relief requested, as noted below. A second cause of action is then added, in which it is sought to impress a constructive trust for the benefit of plaintiff upon $21,921.94, received by defendant from the estate as sole legatee. The theory of the second cause of action is unjust enrichment arising from constructive and extrinsic fraud.

The motion for leave to add another party defendant and to file an amended complaint was denied. The motion for summary judgment was granted, and such a judgment was entered. Plaintiff appeals.

The first specification of error presents the question of whether the trial court erred in denying the motion for leave to add another party and to file an amended complaint. The remaining thirteen specifications of error are directed to various phases of the second question raised on this appeal. That question is whether appellee was entitled to a summary judgment.

We will assume that the motion for leave to add another party and to file the amended complaint should have been granted. This will enable us to proceed at once to the more basic question of whether, on the pleadings (including the proposed amended complaint) and admissions on file, appellee was entitled to a judgment as a matter of law.[1]

The material facts recited in these pleadings and admissions are not in dispute. Appellant and Henry Lincoln were divorced on March 2, 1937. A property settlement agreement, obviously drafted prior to the divorce, was executed on September 14, 1938. By the terms of this agreement, Lincoln agreed to pay appellant one hundred twenty-five dollars a month during the rest of his natural life.

Both parties to the agreement subsequently remarried. Appellant became a resident of California. Lincoln moved to Idaho. He failed to make the monthly

---

[1] A summary judgment is to be entered if the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Rule 56 (c), Fed.Rules Civ.Proc., 28 U.S.C.A. In this case, there are no depositions or affidavits on file, and the admissions are in the form of a pretrial stipulation.

payments called for in the agreement. By August, 1955, the total sum unpaid was $25,500.

Lincoln died testate in Ada county, Idaho, on August 27, 1955. His then wife and sole beneficiary under his will, Elizabeth Lincoln (appellee herein) became executrix of the estate. Notice to creditors was published for four weeks beginning September 29, 1955, and ending October 20, 1955, as required by the statutes of Idaho.

On December 17, 1955, appellant learned that Lincoln had died on August 27, 1955. Twelve days later, she consulted with Joseph Shane, a California attorney, regarding the filing of a creditor's claim for unpaid alimony. On that date, December 29, 1955, Shane wrote to the clerk of the probate court of Ada county, Idaho. He requested to be advised whether probate proceedings were then pending. Shane asked that, if such proceedings were pending, he be supplied with the name of the attorney for the estate, the title and number of the proceeding, the name of the person to whom a claim should be sent, and a set of the appropriate claim forms.

The probate judge of Ada county replied on January 3, 1956, providing the requested information and furnishing a claim blank. Shane had not asked for, and did not receive from the probate judge, information as to the expiration date for the filing of creditor's claims. That date (four months after first publication of notice to creditors) was January 29, 1956.

On February 6, 1956, Shane wrote to appellee, care of her estate attorney, Karl Paine, transmitting a creditor's claim in the amount of $25,500, based upon asserted nonpayment of alimony. In this letter, Shane advised appellee that appellant was a resident of California, and had received no notice of first publication of notice to creditors. Because of this, Shane advised, he was unable to determine whether the claim filed on behalf of his client was timely. He asked that he be at once informed as to whether the claim was timely, so that, if not, an affidavit could be made and presented to the probate judge and permission obtained for late filing of the claim.

The letter transmitting this claim reached Paine on February 7, 1956, nine days after the expiration date for filing creditor's claims, but prior to settlement and distribution of the estate. On the next day, February 8, 1956, the executrix filed her first and final account and petition for distribution of the estate. In this petition and account, no mention was made of the claim filed by appellant on the previous day. It was represented to the court that all debts of the decedent and his estate had been paid.

On February 9, 1956, Paine replied to Shane's letter of February 6, 1956. He declined to supply the information requested, indicating that the claim was without merit, and that he would do all in his power to defeat it. However, Paine did indicate that the executrix would entertain an offer of compromise based upon that part of the claim which had not been outlawed by the statute of limitations.

Responding to this suggestion, Shane wrote to Paine, under date of February 15, 1956, offering to settle the claim for $7,500. This was the full amount of unpaid alimony alleged to have accrued during the period which would be unaffected by the statute of limitations. Paine replied on February 17, 1956, rejecting this offer.

On the same day, the probate court of Ada county entered an order settling the first and final account and making final distribution of the estate. The residue therein, consisting of $21,921.94, was distributed to appellee as sole legatee. The time and place of the hearing on this account and petition had been duly noticed. Neither appellant nor her attorney received actual notice of the hearing, and did not appear or file any objection.

On March 16, 1956, appellant moved the probate court for an order setting

aside the decree of distribution. The ground asserted was that the executrix had falsely represented in her account and petition that all debts had been paid, and had failed to disclose the filing of appellant's claim. Appellee interposed a general demurrer and motions to strike and overrule. While these were pending, and on April 5, 1956, appellant asked in writing for an extension of time for the filing of a creditor's claim.

On April 11, 1956, the probate court sustained the demurrer to appellant's petition of March 16, 1956, and dismissed the petition with prejudice. This action was apparently also intended as a rejection of appellant's request of April 5, 1956. On April 12, 1956, appellant appealed to the appropriate Idaho district court from the decree of February 17, 1956, settling the final account and distributing the estate. No appeal was taken from the order of April 11, 1956, denying appellant's petition to vacate the decree of final distribution.

On May 5, 1956, while this appeal to the Idaho district court was pending, appellant began the instant action in the United States District Court for the District of Idaho, Southern Division. On October 15, 1956, appellee moved for summary judgment in the federal court action. While this motion was pending, the Idaho district court entered judgment against appellant in her appeal from the decree of the probate court. On May 31, 1957, the Idaho Supreme Court affirmed. In re Lincoln's Estate (Gramm v. Lincoln), 79 Idaho 131, 312 P.2d 113.

Thereafter, appellant, on July 23, 1957, filed in the federal court proceeding her motion to name Elizabeth Lincoln, "as an individual heir and legatee," as an additional party defendant, and for leave to file the amended complaint referred to above. In denying these motions and entering summary judgment herein for appellee, the trial court held that the issues had been fully disposed of by the supreme court of Idaho.

Our problem is to determine whether, on these facts, the trial court erred in holding that appellee was entitled to judgment as a matter of law.

We will first consider the cause of action sought to be stated in the original complaint and repeated as the first cause of action in the proposed amended complaint.

This cause of action is, in form, a suit on a rejected claim, brought against the executrix of the estate. The claim is predicated upon the alimony agreement of September 14, 1938, it being alleged that alimony in the amount of $25,500 was unpaid and owing. Judgment in the sum of $25,500 was prayed for in the original complaint, this being reduced to $25,000 in the proposed amended complaint.[2]

In actuality, however, this cause of action can not be regarded as a suit on a rejected claim, because the claim was not presented to the executrix within the time allowed. Absent such a showing, a cause of action on a rejected claim is not established. Ashbauth v. Davis, 71 Idaho 150, 227 P.2d 954, 32 A.L.R.2d 361. Moreover, the estate had been closed, and all of its assets had been distributed, before this action was brought.

If appellant is to have any relief against the executrix, then, she must first obtain a decree invalidating or modifying the probate court's decree of distribution. For purposes of discussion, we will regard this cause of action as asking for such relief in addition to a money judgment.[3]

---

**2.** Specific performance of the alimony agreement was also sought. However, since the agreement to pay alimony terminated, by its terms, upon Lincoln's death, there could be no specific performance as to the future. In effect, then, the only relief requested is a money judgment for past due alimony.

**3.** We also set to one side, for present purposes, the question of whether, in a diversity suit, a federal court can invalidate or modify the decree of distribution

As appellant concedes, if such a decree can be set aside at all, it must be on the ground of extrinsic fraud. The fraud specifically alleged in this cause of action is the failure of the executrix to disclose to the probate court the fact that appellant had filed a claim, and the asserted misrepresentation to the court that all debts of decedent and his estate had been paid and discharged.[4]

■ This allegation, however, is identical with the ground advanced by appellant in her motion in the probate court on March 16, 1956, to set aside the decree of distribution. On April 11, 1956, the probate court denied that motion, and no appeal was taken therefrom.[5] It may be that the same question was preserved for consideration on appellant's appeal from the decree of distribution entered by the probate court on February 17, 1956. If so, the result is the same, for that appeal was determined adversely to appellant in both the state district court and the state supreme court.

■■ It follows that the determination by the courts of Idaho that appellant is not entitled to set aside the decree of distribution on the ground asserted in the complaint and proposed amended complaint precludes, on the

principle of res judicata, another state court proceeding seeking the same relief on the same ground. This being so, the federal district court is also precluded from relitigating that question.[6]

As stated above, the only asserted fraud referred to in the complaint, and in the first cause of action of the proposed amended complaint, had to do with the failure of the executrix to disclose to the probate court that a claim had been filed. However, in appellant's reply to appellee's original answer, further facts are alleged which were apparently intended to charge extrinsic fraud of another kind.[7]

These new allegations have to do with appellant's unsuccessful attempt to obtain information from the executrix as to the expiration date for filing claims, as recounted above. It is specifically asserted in the reply that appellant was deprived of the opportunity of obtaining an available extension of time for the filing of such claim because (1) the attorney for the executrix declined to provide the requested information; (2) this attorney failed to disclose that the petition for distribution had been filed; and (3) he misled appellant with his suggestion that an offer of settlement would be entertained.[8]

of the probate court of Idaho. But see Asher v. Bone, 9 Cir., 100 F.2d 315; Montgomery v. Gilbert, 9 Cir., 77 F.2d 39.

4. The term "fraud" is not used in either the complaint or proposed amended complaint.

5. In Idaho, probate courts are courts of record with original jurisdiction in all matters of probate and settlement of estates of deceased persons. In re Lincoln's Estate (Gramm v. Lincoln), 79 Idaho 131, 312 P.2d 113.

6. Since this is a diversity case, the federal court is required to follow the law of the state. 28 U.S.C.A. § 1652; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. This includes the law pertaining to res judicata. Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537.

7. It is doubtful that a cause of action stated in a complaint may be augmented by new charges of extrinsic fraud advanced for the first time in a plaintiff's reply. However, the case is now before us as if a complete trial were had, and we may therefore consider the complaint amended to conform to the proof received without objection.

8. Had it not been for this inequitable and inferentially fraudulent conduct, appellant argues, the fact that her claim was filed more than four months after first notice to creditors would have been immaterial. This is true, it is asserted, because the claim, though filed after expiration of the four-month period, was filed ten days prior to entry of the decree of distribution. Had appellant been then promptly advised that her claim was not timely and that an application for a decree of distribu-

This asserted ground for setting aside the decree of distribution was not advanced in appellant's motion for such relief, made in the probate court on March 16, 1956. Yet this ground could have been presented in support of that motion, for appellant was then in possession of all the facts upon which the ground is predicated.

■ It has been the long-standing rule in Idaho, consistent with the general rule elsewhere, that, in the absence of fraud or collusion in the obtaining of a judgment, it is conclusive as between the parties and their privies on all issues which were *or should have been* litigated in the action.[9] It is not contended that there was any fraud or collusion in connection with the entry of the probate court order of April 11, 1956. As before noted, no appeal was taken from that order.

Since the application of this principle of res judicata thus prevents appellant from obtaining, in the courts of Idaho, an order vacating the decree of distribution on these new allegations of fraud, it likewise prevents the federal district court from granting such relief.[10]

It is true that some or all of the allegations of fraud although not advanced in connection with the motion of March 16, 1956, made in the probate court, were presented in appellant's appeal from the probate court's order of February 17, 1956. But that appeal was also decided adversely to appellant, which again calls for application of the principle of res judicata.

We therefore hold that the trial court did not err in entering summary judgment for appellee in the cause of action which has been under discussion.

■ The second cause of action, as set out in the proposed amended complaint, seeks relief against appellee as an individual. It is alleged, in effect, that the $21,921.94 which appellee received from the estate as sole legatee was an unjust enrichment, because the distribution was "contrary to equity and justice," in violation of the rights of appellant.

The only reason given in the proposed. amended complaint why such distribution was contrary to equity and justice is that there is unpaid alimony in the amount of $25,500 under the agreement of September 14, 1938, and that appellee at all times prior to the entry of the decree of distribution knew of the existence of the agreement. It is not alleged that appellee or anyone else was guilty of any fraud, nor is it even asserted that appellee knew that there were sums owing under the alimony agreement. The relief requested was that the sum of $21,921.94 in the hands of appellee be impounded as a trust fund to be awarded "to the person entitled thereto"—presumably appellant.

While the scope of this cause of action, as alleged in the proposed amended complaint, is very limited, we will deem it to be enlarged by the proof received without objection. So enlarged, the theory of the cause of action appears to be that appellee has unjustly benefited

tion had been filed, and had she not been misled by the suggestion that a compromise might be agreed upon, it is urged, she could have taken the necessary steps to obtain an extension of time for the filing of her claim.

In this connection, our attention has been called to § 15–604, I.C., which permits an out-of-state creditor to file a claim any time before final distribution if "it is made to appear by the affidavit of the claimant, to the satisfaction of the court or a judge thereof, that the claimant had no notice as provided in this chapter by reason of being out of the state * * *." It was held in In re Lincoln's Estate

(Gramm v. Lincoln) 79 Idaho 131, 312 P.2d 113, 116, that a nonresident creditor desiring to present a claim under this provision "should apply for an order before the decree of distribution is entered. * * *"

9. Robinson v. Robinson, 70 Idaho 122, 128, 212 P.2d 1031, 1034; Village of Heyburn v. Security Savings & Trust Co., 55 Idaho 732, 738, 49 P.2d 258, 261; South Boise Water Co. v. McDonald, 50 Idaho 409, 296 P. 591; Joyce v. Murphy Land & Irrigation Co., 35 Idaho 549, 553, 208 P. 241, 242.

10. See footnote 6.

by an extrinsic fraud committed by her, or on her behalf, as executrix of the estate. The asserted fraud consisted in the failure to provide a creditor (appellant) with requested information as to the termination date for filing claims, and in the doing, or failure to do, certain other things, as described above in discussing the first cause of action.

In determining whether there was extrinsic fraud of the kind asserted, we must apply the Idaho law to the established facts. Here, however, the supreme court of Idaho has done this for us, in the case involving this very question. In in Re Lincoln's Estate (Gramm v. Lincoln), supra, 312 P.2d at page 116, the court said:

"In appellant's brief she argues extensively that there was a fraud, either actual or constructive, committed. The fact of the matter is that she had approximately twenty-five days to present her claim after being furnished with a claims blank and other information requested, and the time for presentation of the claim and the time for application for an extension of time expired before any action was taken.

"Appellant claims that facts which should have been disclosed to her were concealed by the executrix and because of this fact she suffered loss. We are unable to find from the record any such concealment, and the citations contained in appellant's brief applicable to actual or extrinsic fraud are not pertinent to the situation presented. * * *"

If we were not bound by this pronouncement by the Idaho Supreme Court, we would nevertheless reach the same conclusion. The attorney for the executrix did not withhold any information which appellant could not have promptly obtained elsewhere. A telephone call to the clerk of the probate court, or expeditious referral of the matter to any lawyer in Boise would have provided appellant with timely advice. There was hence no concealment of a material fact which could not otherwise have been quickly ascertained.

Failure to provide the unsolicited information that a petition for a decree of distribution had just been filed was not fraudulent. The executrix and her attorney had no duty to supply this advice. The only purpose it could have served would have been to warn appellant that she had better get busy. But the tone of the letter she received from appellee's attorney, and the fact that he refused to give other information requested, provided all the warning that one should need. There is nothing to indicate that the proposal for a compromise was intended to lull appellant into delaying any action which needed to be taken in connection with her claim.[11]

There is some contention in appellant's briefs that the failure to supply the requested information deprived her of due process of law. We find no merit in this contention. On January 3, 1956, the probate judge advised appellant's attorney that the estate was under probate, and provided a claim blank. Appellant had from then until January 29, 1956, to file a timely claim. She had the further period from January 29, 1956, to February 17, 1956, in which to obtain an order permitting the late filing of her claim. This was sufficient notice to meet the constitutional requirement.

It is therefore our view that, under the settled facts, appellee would have been entitled to a summary judgment dismissing the second cause of action with prejudice. Denial of the motion for leave to file the amended complaint was therefore not prejudicial.

Affirmed.

11. We have not explored the question of whether res judicata precludes relief with regard to this cause of action.