[Civ. No. 12426. First Dist., Div. Two. June 3, 1943.]

HOWARD B. CRITTENDEN, JR., Appellant, v. ARTHUR B. HANSEN et al., Respondents.

Forrest E. Macomber for Appellant.

Jones & Quinn for Respondents.

NOURSE, P. J.—Plaintiff sued for specific performance of a contract to convey land, and for damages. He appeals from the judgment which denied him any relief.

On December 9, 1939, defendant Hansen and plaintiff entered into a written agreement whereby the former agreed to sell to plaintiff a house and lot, and the furniture therein, for the sum of $1,100. Though time was not specifically made the essence of the agreement, the purchase price and the deed were required to be put in escrow which was to be "ready to be closed by noon December 18, 1939." A condition of the same was that Hansen was to move a fence, which was about seventeen inches off the property line. At noon of December 18th Hansen learned that plaintiff had deposited no money, and he thereupon sold the property to defendant Knudsen.

The trial court found that plaintiff did not perform the conditions of the contract, that defendant Hansen did not grant any extension of time to the plaintiff, and that the defendants Louis and Josephine Knudsen did not have any knowledge, actual or constructive, of plaintiff's contract, and purchased the property for a valuable consideration.

There is substantial evidence supporting each of these findings. Appellant's argument in this regard amounts to no more than that the trial court might have found differently. This may be conceded, but it does not call for a reversal. Evidence was offered showing that appellant informed Hansen that he could not raise the money, that he had a number of business engagements which would take him to other parts of the state at the time payment was to be made, and would be unable to meet Hansen on December 18th and asked for an extension of the time for payment which was refused. The witness Hansen testified that on frequent occasions appellant told him he did not have the money, but that he would get it; that he, appellant, "could sit back and freeze me out, get it at his own price." Because of these circumstances the vendor was led by the vendee to believe that the latter would not complete the purchase, that he was holding the written contract merely to harass the vendor and "freeze" him out so that he could get the property at his own price. "Where the vendee

is in default there is no longer any legal obligation on the vendor to proceed with the performance of the contract. The law gives him the right to regard the contract as at an end. The law prescribes no penalty for the exercise of this right.'' (*Dunne* v. *Colomb,* 192 Cal. 740, 745 [221 P. 912].)

However, it is not necessary to determine whether the trial court correctly determined that the vendee here was in default. The vendor was a tradesman and was dealing with a member of the legal profession, who prepared the contract. It is apparent from an examination of the entire record that the vendor believed he was giving his vendee only an option to purchase which would extend to twelve o'clock noon of December 18th, and no longer, and that no legal steps were necessary to terminate the contract at that hour. The vendee paid nothing for this ''option.'' The good faith of the vendor in making the sale to his co-defendants is not questioned, and these circumstances were entitled to full weight by the chancellor in reaching a determination of the equities of the proceeding.

In view of the findings of want of notice or knowledge on the part of the Knudsens their title became absolute, and specific performance of the contract was thereby rendered impossible. The complaint pleaded that on December 18, 1939, defendant Hansen ''sold and conveyed all of his right, title and interest in and to said property'' unto defendants Knudsen and wife. This allegation was found to be true, and, though some testimony was offered tending to show constructive knowledge on the part of Louis Knudsen, none whatever was offered in relation to Mrs. Knudsen. Though some testimony was offered tending to show that the trust officer had been informed that respondent Knudsen had some notice of the prior transaction it proved little more than that he knew that Hansen had given some kind of an option to appellant which had expired. His direct denial of knowledge of the contract, assuming that he was the agent of the Knudsens, was sufficient to support the finding of the trial court.

Under these circumstances appellant's remedy was by suit in damages against Hansen for breach of contract.

But, where the two remedies exist, the party must make his election between a suit in equity for specific performance, and a suit in tort for the breach. He cannot pursue both. (*Beal* v. *United Properties Co.,* 46 Cal.App. 287, 296 [189 P. 346].)

Now if appellant had a cause of action for damages for breach of the contract he did not plead it. His allegations of the reasonable rental value of the property all relate to his claim of right to possession under the contract, if it should be enforced. ██ But since the contract has become unenforceable, appellant is confronted with the settled rule that specific performance will not be required when its enforcement would be impossible or inequitable. (23 Cal. Jur. p. 423; Restatement of the Law of Contracts, sec. 368; *Tropico Land etc. Co.* v. *Lambourn,* 170 Cal. 33, 39 [148 P. 206]; *Title Guarantee etc. Co.* v. *Henry,* 208 Cal. 185, 192 [280 P. 959]; sec. 3390, sub. 4, Civ. Code.)

The judgment is affirmed.

Spence, J., and Dooling, J. pro tem., concurred.